John Mahoney, Appellant, v. Cayuga Lake Cement Company, Respondent.

*Master and servant — negligence — explosives — when master liable for act of foreman in directing inexperienced workman to explode dynamite cartridge without adequate instructions as to the danger of the work.*

1. The act of a foreman in taking a laborer from safe work which he is employed to do and putting him at hazardous work with which he is unfamiliar, is the act of the master, and it is the master's

duty to give him proper instructions and to warn him of danger of which he is ignorant.

2. If the work is hazardous the master must exercise reasonable care to see that it is conducted in a proper manner and if he knows, or in the exercise of reasonable care ought to know, that work inherently hazardous is being done in such a way as unnecessarily to increase the hazard, he may be charged with negligence for allowing the unsafe method to be continued.

3. Where a foreman set an inexperienced man at work enlarging a hole in a rock by exploding a dynamite cartridge which was lighted by a fuse, it was the duty of the foreman to instruct the servant as to the use of the fuse and the failure to do so was the act of the master, and where the foreman had been using fuses of insufficient length previous to an accident, the jury might properly find that the master, in the exercise of reasonable care, should have known that fact.

*Mahoney* v. *Cayuga Lake Cement Co.*, 145 App. Div. 896, reversed.

(Argued March 10, 1913; decided April 15, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 13, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James O. Sebring* and *Seaman F. Northrop* for appellant. Defendant is liable for the act of its superintendent in charge of the work in compelling plaintiff, an inexperienced man, to undertake the extremely dangerous and hazardous business of exploding the dynamite cartridge. (4 Thomp. on Neg. §§ 4676, 4962; *Simone* v. *Kirk*, 173 N. Y. 7; *Greco* v. *P. C. Co.*, 127 App. Div. 798; 196 N. Y. 543; *O'Connor* v. *Barker Co.*, 25 App. Div. 121; *Norton* v. *Nadebok*, 190 Ill. 595; *Fraser* v. *Hand*, 33 Ill. App. 153; *Spaulding* v. *F. L. M. Co.*, 171 Mass. 271; *Cook* v. *Hannibal R. R. Co.*, 63 Mo. 397; *Stahl* v. *Deluth*, 71 Minn. 341; *Hayes* v. *Chester Mills*, 69 Vt. 1; *Neilon* v. *M., etc., Paper Co.*, 75 Wis. 579.)

*Halsey Sayles* for respondent. The negligence of the foreman cannot be imputed to defendant. (*Curran* v. *Manhattan Ry. Co.*, 118 App. Div. 347; *Vogel* v. *American Bridge Co.*, 180 N. Y. 373; *Russell* v. *Lehigh Valley R. R. Co.*, 188 N. Y. 344; *Fallon* v. *Mertz*, 110 App. Div. 755; *Crispin* v. *Babbitt*, 81 N. Y. 516; *Madigan* v. *Oceanic Steam Nav. Co.*, 178 N. Y. 242; *Cullen* v. *Norton*, 121 N. Y. 1; *Lockland* v. *State*, 105 N. Y. 159; *De Vito* v. *Crage*, 165 N. Y. 378; *Capasso* v. *Woolfolk*, 163 N. Y. 472; *Perry* v. *Rogers*, 157 N. Y. 252; *Quigley* v. *Levering*, 157 N. Y. 58.)

MILLER, J. This is an action by servant against master to recover damages for injuries alleged to have been caused by the latter's negligence. There is evidence tending to establish the following facts: The defendant was engaged in excavating in a quarry and in building a tramway to carry rock to its factory, a quarter or a half mile from the quarry. The plaintiff was employed as a common laborer at $1.50 a day. He was put at work sifting sand, breaking stones, loading wagons and drilling holes in the rock for blasting. The method employed in blasting was to drill holes from nine to ten feet deep and about one and one-half inches in diameter, then to explode a small dynamite cartridge or " squib," as it was called, in the hole to enlarge the opening so as to admit a larger quantity of dynamite for the final blast. The work was done under the supervision of a foreman, who personally handled the dynamite. The work of drilling and blasting had been going on at least two weeks before the accident. The plaintiff was directed by the foreman to " squib " a hole which he had just drilled and cleaned out. He objected to doing so, saying that he had never handled dynamite, which was the fact; but, upon the foreman's insistence, he went to the shanty, fetched a squib, which the foreman had previously prepared, and, upon being shown by the foreman how to light it and

drop it in the hole, he proceeded to comply with the direction. While he was in the act of shoving it down in the hole with a stick used for that purpose it exploded and he was seriously injured. The premature explosion was due to the fact that the fuse was only eight or ten inches long. The testimony of the foreman, who was called as a witness by the defendant, indicates that there was danger in the use of a fuse of less than twenty inches even by an experienced man, and the plaintiff's evidence is to the effect that the fuse should have been long enough to reach out of the hole. The " squibs " were prepared by the foreman by inserting half a stick of dynamite in an exploder to which the fuse was attached. The defendant supplied the dynamite sticks, the exploders and the fuse in coils 50 feet long, and there is no evidence to show that they were not suitable for the purpose. The foreman had been using short fuses right along prior to the accident.

On a former trial of the action the case was submitted to the jury on the theory that the " squib " was a tool or appliance and a judgment for the plaintiff was reversed by the Appellate Division in the fourth department on the ground that the preparation of the " squib " was a mere detail of the work for which the defendant was not liable, it having supplied suitable and sufficient fuse. We are not disposed to question the correctness of that ruling, but we are of the opinion that the plaintiff was entitled to go to the jury on two grounds of negligence.

The act of the foreman in taking the plaintiff from the safe work which he was employed to do and in putting him at the hazardous work of " squibbing " the holes, with which he was unfamiliar, was the act of the master, and, before doing that, it was the master's duty to give him proper instructions and to warn him of dangers of which he was ignorant. (*Simone* v. *Kirk*, 173 N. Y. 7; *Pelow* v. *Oil Well Supply Company*, 194 N. Y. 64.) Of course, the plaintiff did not need to be told that, when

the fuse burned out, the cartridge would explode. He was told by the foreman how to light the fuse and to shove the cartridge down in the hole with a stick, but he was not told how long it would take the fuse to burn up, and that was the essential thing which he needed to know to protect himself from injury. He had a right to assume that he had time enough without undue haste to shove the cartridge to the bottom of the hole and get away before the explosion. The foreman, who knew how much time to allow for and through long practice had become expert, was evidently able to use short fuses with comparative safety, and he thus saved time, but the plaintiff, who was not thus expert and did not appreciate the necessity of haste, met with a serious accident at the first attempt, as might have been expected. The act of the foreman in preparing the "squib" with a short fuse was doubtless the act of a fellow-servant, but his act in putting an inexperienced man at such hazardous work, without telling him how long it would take the fuse to burn up, was the act of the master, whose duty to instruct could not be delegated.

The master owes a duty of supervision commensurate with the hazardous or complicated character of the work. If the work is complicated, he must make and promulgate proper rules and exercise reasonable care to see that they are enforced. If the work is hazardous, he must exercise reasonable care to see that it is conducted in a proper manner and if he knows or in the exercise of reasonable care ought to know that work inherently hazardous is being done in such a way as unnecessarily to increase the hazard, he may be charged with negligence for allowing the unsafe method to be continued. In this respect the case is not distinguishable from the case of *O'Brien* v. *Buffalo Furnace Company* (183 N. Y. 317). In that case, it is true, the master had actual knowledge of the reckless way the work was done, but the underlying principle is the same. Now in this case

the foreman had for at least two weeks been using cartridges with short fuses to "squib" the holes, and the jury might have found that, in the exercise of reasonable supervision, the master should have known it. Evidence was excluded which it is claimed would have shown that the defendant had actual knowledge of the way the blasting was being done.

The judgments of the Appellate Division and of the trial court should be reversed, and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK and CUDDEBACK, JJ., concur; COLLIN, J., not sitting.

Judgments reversed, etc.