JOHN MAUTSEWICH, Respondent, *v.* UNITED STATES GYPSUM COMPANY, Appellant.

Master and servant — mines — negligence — inspection after firing blast — duty of master to have adequate inspection made before permitting servant to work at place where blast has been fired.

1. The commissioner of labor pursuant to the statute (Labor Law, §§ 119, 120; Cons. Laws, ch. 31) has made and published rules to insure the safety and health of persons employed in mines, and it is the duty of employers not only to adopt such rules, but to enforce them. If such rules, after written notice to him, are not obeyed, the employer is liable criminally and is also subject in case of an injury resulting from their disobedience to the ordinary consequences arising from negligence.

2. The rules of the commissioner of labor made pursuant to legislative authority and intended to supplement the rules of the common law for the protection and safety of those working in mines, provide that after a blast has been fired in a mine no one shall be allowed in that part of the mine where such blast has been fired, except the blaster and his helper, unless and until the blaster has made a personal examination and pronounced "all safe." Plaintiff, who was employed in a mine, was taken by the foreman from the room where he was working to another in which he had never worked and directed to drill holes for blasting. Near the place where plaintiff was directed to drill there was one hole. Plaintiff testified that he pointed out this hole to the foreman, who said, in substance, that he had examined the hole, that it was all right, and directed plaintiff to measure it with his drill, and then put two more holes close to it. Plaintiff attempted to measure the hole as directed, and was injured by the explosion which followed. Defendant's foreman denied this, and testified that he had inspected the room, that he saw the hole, that it was filled with explosives, and that he warned plaintiff against it. *Held*, that judgment for plaintiff entered upon the verdict of the jury should be affirmed; that the jury could have found that plaintiff was expressly directed to measure the hole by placing his drill therein; that, although the blaster and the foreman each were charged with the duty of inspecting the place, the foreman assumed without adequate inspection that the hole was free from explosives, and, hence, that the defendant was negli-

38

gent in its inspection of the mine after an explosion and in directing plaintiff to perform his work in an unsafe place. Plaintiff was not guilty of contributory negligence since he was obeying the instruction of the foreman.

*Mautsewich* v. *United States Gypsum Co.*, 162 App. Div. 907, affirmed.

(Argued March 8, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 1, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Clyde Sherwood, William B. Davis* and *Amos H. Stephens* for appellant. The plaintiff adduced no proof of negligence on the part of the employer at common law. (*Wangler* v. *Swift,* 90 N. Y. 38; *Marks* v. *R. R. Co.*, 146 N. Y. 181; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 543; *Adams* v. *Post & McCord*, 147 App. Div. 656; *Davis* v. *Gas E. & P. Co.*, 148 App. Div. 791; *Loughlin* v. *State*, 105 N. Y. 159; *Mullin* v. *Gas Co.*, 202 N. Y. 275; *Perry* v. *Rogers*, 157 N. Y. 251; *Di Vito* v. *Crage*, 165 N. Y. 378; *Citrone* v. *O'Rourke*, 188 N. Y. 339; *Russell* v. *R. R. Co.*, 188 N. Y. 344; *Mekki* v. *Holbrook*, 168 App. Div. 719.) The proof in any event failed to establish the negligence of the employer, as distinguished from the negligence of the plaintiff and his fellow-workman, in respect of the rules formulated by the commissioner of labor. (*Johnson* v. *Blaney*, 198 N. Y. 312; *Daly* v. *Brown*, 167 N. Y. 381; *Greif* v. *Ry. Co.*, 205 N. Y. 239; *Slater* v. *Jewett*, 85 N. Y. 61; *Niles* v. *R. R. Co.*, 14 App. Div. 58; *Shannon* v. *R. R. Co.*, 88 App. Div. 349; *Anthony* v. *Leeret*, 105 N. Y. 591; *Larkin* v. *Light Co.*, 158 App. Div. 414; *Smith* v. *R. R. Co.*, 88 Hun, 468; 153 N. Y. 664; *Keefe* v. *R. R. Co.*, 109

App. Div. 180; 186 N. Y. 594; *Doing* v. *R. R. Co.,* 151 N. Y. 579.)

*Martin T. Manton* and *David Siegelman* for respondent.  The proof at bar clearly establishes that defendant negligently omitted to inspect the room where plaintiff was placed at work after blasting therein, and that by reason of such omission the accident occurred. (*Racine* v. *Morris,* 201 N. Y. 240; *Shields* v. *Pugh & Co.,* 122 App. Div. 586; *Scott* v. *International Paper Co.,* 204 N. Y. 49; *Caddy* v. *Interborough R. T. Co.,* 195 N. Y. 415; *Armenti* v. *B. U. Gas Co.,* 157 App. Div. 276; *Baccelli* v. *N. R. Stone Co.,* 133 App. Div. 449; *Stewart* v. *Ferguson,* 164 N. Y. 553; *Griffin* v. *Flank,* 132 App. Div. 334, 337; *Koehler* v. *N. Y. Steam Co.,* 183 N. Y. 1; *Simone* v. *Kirk,* 173 N. Y. 7; *McGuire* v. *Bell Telephone Co.,* 167 N. Y. 208; *Byrne* v. *Eastman Co.,* 163 N. Y. 461; *Eagan* v. *D. D., E. B. & B. R. R. Co.,* 12 App. Div. 556; *Ada Coal Co.* v. *Linville,* 153 S. W. Rep. 21; *Reynolds* v. *New Century Mining Co.,* 133 Pac. Rep. 844.)  The evidence at bar warranted the inference that the defendant was chargeable with negligence in failing to warn the plaintiff of the presence of the unexploded charge of dynamite and in assuring him that the old boring was not charged. (*Mahoney* v. *C. L. Cement Co.,* 208 N. Y. 164; *Simone* v. *Kirk,* 173 N. Y. 7; *Buckley* v. *Garden City Co.,* 127 App. Div. 52; *Raab* v. *H. R. Tel. Co.,* 139 App. Div. 286; *Welch* v. *Bath Iron Works,* 98 Me. 361; *Thrasher* v. *Emke,* 159 S. W. Rep. 565.)

CHASE, J.  This action is brought by an employee against an employer to recover damages for personal injuries resulting from an explosion.  The accident occurred in 1908.  The complaint does not allege that notice was served as provided by section 2 of chapter 600 of the Laws of 1902 (now section 201 of chapter 31 of the Consolidated Laws, known as the Labor Law).  The defendant's lia-

bility rests upon alleged violations of the rules of the common law and of rules prescribed by the commissioner of labor. The commissioner of labor is required to "See that every necessary precaution is taken to insure the safety and health of employees employed in the mines and quarries and in the construction of tunnels of the state and shall prescribe rules and regulations therefor." (Laws of 1907, chap. 399, § 120, now § 120 of chap. 31 of the Consolidated Laws.)

In pursuance of said statute the commissioner of labor made rules, among which are the following:

" 5. After blasting no one except the blaster or blasters shall be allowed in the part of the mine where such blast has been fired, until the blaster has made personal examination, and pronounced all safe."

" 7. The mine superintendent or person designated by him shall examine daily all mine appliances and see that they are in safe condition."

" 21. All blasting shall be done by one man and his helper, designated by the superintendent for that purpose. After blasting, no one else shall be allowed in that part of the mine or quarry until the blaster has made personal examination and pronounced 'all over.' If a blast misses fire, no one except the blaster and his helper shall be allowed in that part of the mine or quarry less than three hours thereafter, unless and until the blaster has made a personal examination and pronounced 'all safe' \* \* \*."

The plaintiff was a driller. His work was done with an electric drill. On the day of the accident he was directed by the foreman of a shaft of the defendant's gypsum mine at Oakfield, to go to another part of the mine in the shaft, from that in which he had been working or had ever worked and there drill holes for use in blasting. The plaintiff asked the foreman what the condition of that room was and the foreman said "all good and safe, but got a little water."

The plaintiff went to that part of the mine as directed and commenced drilling. Shortly thereafter the foreman came to the place where he was working. The plaintiff's testimony as to what was then said and as to what then occurred is as follows:

" He came to my room and asked where my lines were and I said: ' I don't know,' I said just, ' I come this afternoon to this room.' He said: ' Come here and I show it.' I went to him and he showed the lines to me, and after I was through with those lines he asked me how many holes I had. I said: ' I got four to left side of that room.' He said: ' You turn your machine to the right side and put in four more.' I said: ' I see one hole in top.' He said: ' That hole was all right,' and after I was — he said: ' You get through those four holes, you take your drill and put into that hole and measure, and when you get through from measuring it put two holes right close to the pillar.' And I said: ' You examine that hole? ' He said: ' Yes.' I said: ' There be blasting in that room ? ' He said: ' No.' Then he went away from me — went into some other place. I was to finish those four holes that he told me, I knew that. I measured that hole and got an explosion." He further testified that the foreman told him " To find out which direction this hole ran." The hole referred to was in the side of the room near a low roof.

The holes that the plaintiff was required to drill were to be six or seven feet deep and the place and direction of some of such holes were necessarily to some extent affected by the hole that was there when he entered the room and the depth and direction of such hole. It is also apparent that it was important to determine whether such hole was filled with explosive. Such fact could have been ascertained by reasonable inspection.

The common-law duty of an employer toward his employee is to provide a reasonably safe place for him to work. That duty includes the duty of reasonable

inspection of the place and of the appliances for the work.

The legislature, by directing the commissioner of labor to see that every necessary precaution is taken to insure the safety and health of employees employed in the mines and quarries and in the construction of tunnels of the state and to prescribe rules and regulations therefor, intended to supplement the common-law rules relating thereto and thereby further to insure the safety of those employed in such dangerous employments. Statutory directions in regard to machinery and appliances and the manner in which work shall be performed made in the interests of human life and to insure the safety and health of employees are ordinarily compulsory. It is the duty of employers not only to adopt the rules of the commissioner of labor made pursuant to statute, but to enforce them. If the rules of the commissioner of labor quoted, after written notice by him, are not obeyed, the employer is liable criminally. (Penal Law, § 1270; Labor Law, § 134.) The employer is also subject in case of an injury resulting from their disobedience to the ordinary consequences arising from negligence. (*Scott* v. *International Paper Co.*, 204 N. Y. 49; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Racine* v. *Morris*, 201 N. Y. 240; *Shields* v. *Pugh & Co.*, 122 App. Div. 586; *Armenti* v. *Brooklyn Union Gas Co.*, 157 App. Div. 276; *Caddy* v. *Interborough Rapid Transit Co.*, 195 N. Y. 415.)

Where a duty of inspection rests upon a person or corporation it cannot be delegated so as to relieve such person or corporation from the consequences of a failure to inspect or of an inadequate inspection. (*Smith* v. *N. Y., Chic. & St. L. R. R. Co.*, 86 App. Div. 188; affd., 178 N. Y. 635.)

If a defective and dangerous condition of a place of employment or of an appliance could have been discovered by a reasonable inspection, an inadequate and insufficient inspection which failed to discover such defect

or danger will not relieve an employer from liability arising out of such defect or danger. (*Smith* v. *N. Y., Chic. & St. L. R. R. Co.*, *supra.*)

It has become one of the axioms of negligence law that the duty of inspection is the master's duty and one that cannot be delegated so as to relieve the master from responsibility. If a servant performs this duty he is the *alter ego* of the master and for any negligence in his discharge of that duty the latter is liable. (*Koehler* v. *N. Y. Steam Co.*, 183 N. Y. 1, and cases cited; *Simone* v. *Kirk*, 173 N. Y. 7; *Mahoney* v. *Cayuga Lake Cement Co.*, 208 N. Y. 164.)

The plaintiff was injured by an explosion of dynamite in a hole which had been drilled and charged with the explosive prior to the time when he was placed at work in the room where the explosion occurred.

There are serious disputes of fact in this case, but the jury could have found that the plaintiff was expressly directed by the foreman to measure the depth of the hole by placing his drill therein. The testimony shows that the blaster and the foreman were each charged by the defendant with the duty of inspecting the places in the mine where the men worked before the entry of the workmen therein. The foreman testified that he did inspect the room where the explosion occurred on the morning of the day of the accident. He further testified that he saw the hole and that it was filled with explosives, and that he warned the plaintiff against it. If we take the plaintiff's testimony in regard to his instructions as true the conclusion is justifiable that the foreman did not see the explosives in the hole but assumed that it was free from explosives, otherwise it is inconceivable that he would have directed the plaintiff to put his steel drill therein for the purpose of ascertaining its depth and the direction in which it extended. The jury could have further found that such assumption was accepted without any, or at least without an adequate inspection, to ascer-

tain the condition of the place in which the plaintiff was placed to perform his work.

Upon the facts as the jury may have found them there is sufficient to justify its conclusion that the defendant was negligent in its inspection of the mine after an explosion and in directing the plaintiff to perform his work in an unsafe place. We do not think that the plaintiff was guilty of contributory negligence as a matter of law. In considering that question the jury had a right to take into account the fact that he was obeying the directions of his foreman. The other questions discussed by counsel do not require consideration in this opinion.

The judgment should be affirmed, with costs.

WILLARD BARTLETT Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.