# DeNardo v. Stephens-Jackson Co., Appellant.

*Negligence—Master and servant—Quarry—Blast—Premature explosion—Injury to workman—Tamping with iron bars—Failure to supply wooden rods—Illiterate foreign workmen—Contributory negligence—Assumption of risk—Case for jury.*

1. Although a jury cannot be permitted to guess at the cause of an accident, where the evidence points to a certain cause for an accident which would fasten liability on the defendant, the plaintiff will not be denied redress because there may be some other possible cause for the accident.

2. The operating of a quarry is a hazardous business and it is the operator's duty to furnish such tools as will, so far as is reasonably practicable, protect his employees from danger.

3. In the employment of inherently dangerous agencies, such as powder or other explosives, it is the duty of the master to exercise a degree of care for the safety of the servant commensurate with the danger to be reasonably anticipated. The master is liable if the injury to the servant is the result of a defective system not adequately protecting the workmen at the time of the explosion.

4. One who places in the hands of or authorizes the use by another person of a dangerous instrument or article under such circumstances that he has reason to know it is likely to produce injury, is liable for the natural consequences.

5. The rule as to assumption of risk does not apply where the danger is hidden or unknown to the employee.

6. In an action by an employee against the owner of a quarry to recover for personal injuries sustained in consequence of the premature explosion of a blast the questions of defendant's negligence and the contributory negligence of plaintiff and the assumption of risk on the part of the plaintiff are for the jury, and a verdict and judgment for plaintiff will be sustained where it appears that plaintiff, an illiterate foreign laborer, had been employed at defendant's quarry for seven years and had never worked in any other quarry and was not familiar with methods elsewhere employed; that at time of the explosion plaintiff was a "hole man," and his work was to load the holes with explosive after they had been drilled; that the explosion occurred when plaintiff placed an iron tamping bar in the hole after it had been loaded and struck it a blow with a hammer; that defendant knowingly permitted the tamping to be done with iron bars and failed to supply wooden rods or other implements for the purpose; and on the

trial an expert expressed an opinion that the use of the iron bar caused a spark or concussion resulting in the explosion.

7. In such case it was not material who supplied the particular iron bar in question, as all the tamping had been done by iron bars in defendant's quarry for years.

King v. Morgan, 109 Fed. Repr. 446, distinguished.

Argued March 11, 1911. Appeal, No. 319, Jan. T., 1917, by defendant, from judgment C. P. Northampton Co., June T., 1915, No. 46, on verdict for plaintiff in case of James DeNardo v. Stephens-Jackson Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McKEEN, J.

The facts appear from the opinion of the Supreme Court.

Verdict for plaintiff for $2,167.00 and judgment thereon. Defendant appealed.

*Error assigned*, among others, was in refusing to enter judgment for defendant non obstante veredicto.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.—The mere fact of an accident is not enough to establish negligence; affirmative evidence that the cause of the explosion was one for which the defendant was liable must appear: Mixter v. Imperial Coal Co., 152 Pa. 395; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; McClain v. Henderson, 187 Pa. 283; Alexander v. Penna. Water Co., 201 Pa. 252; Price v. Lehigh Val. R. R. Co., 202 Pa. 176; Sandt v. North Wales Fdy. Co., 214 Pa. 215.

Defendant cannot be held liable where plaintiff and a fellow workman selected the iron bar in question.

Plaintiff assumed the risk: Eisenberg v. Fraim, 215 Pa. 570; Lee v. Dobson, 217 Pa. 349; Bowen v. Pennsylvania R. R. Co., 219 Pa. 405; Stilzel v. A. Wilhelm Co., 220 Pa. 564; Meade v. Pittsburgh Rys. Co., 233 Pa. 145.

*Robert A. Stotz,* for appellee.—The question of defendant's negligence was for the jury.

The question of assumption of risk was for the jury: Ohio Valley Ry. Co. v. McKinley, 33 S. W. Repr. 186; Frankford & Bristol Turnpike Co. v. Philadelphia & Trenton R. R. Co., 54 Pa. 345; Mahoney v. Cayuga Lake Cement Co., 208 N. Y. 164; Oakland v. Nelson, 149 N. W. Repr. 337; Pitts & Hankins v. Wells, 101 S. W. Repr. 1192; Hough & Spradlin Co. v. Clark, 151 Ky. 61.

OPINION BY MR. JUSTICE WALLING, April 22, 1918:

Plaintiff, an Italian laborer, was employed by defendant in its business of mining slate rock, and was injured January 7, 1915, by the premature explosion of a blast. The business required a large amount of blasting, and plaintiff had been engaged seven years at that work for defendant. He was called a "hole man"; and his work was to load the holes after they had been drilled. He also performed other duties in this mine, where he began work when a boy. On the day in question, a hole three-fourths of an inch in diameter had been drilled to a depth of three and one-half feet, and plaintiff proceeded to load it by putting in blasting powder until the hole was filled to within about six inches of the surface, then he inserted the fuse and put in some hemp rope. After this he took an iron tamping bar, about eight inches long, placed it in the hole and struck it a light blow with a metal hammer; then removed the bar, put in some soil or scrap, replaced the bar and struck it another light blow with the hammer, when the blast exploded causing the injury complained of. Prior to the accident, the only tool used in this mine for tamping was an iron bar similar to that above described. These bars were picked up by the workmen around the mine and on one occasion a fellow employee of plaintiff had made three of them, including the one here in question, by cutting up an iron rod found in the mine. Defendant knowingly permitted the tamping to be done with the iron bars and failed to

supply any wooden rods or other implements for that purpose. The evidence tended to show that wooden rods were in common use for that purpose in other mines, and were safer because they absorbed the shock and would not create sparks or strike fire by contact with the rock. An expert witness expressed the opinion that the use of the iron bar caused the explosion, which, in his opinion, was the result of a spark or possibly of concussion. It appears from the testimony that powder will sometimes adhere to the rough edges of the drilled hole, by which a spark at the top may be carried down and cause an explosion; or it may be caused by concussion as a result of a blow on the iron bar. Other possible causes are mentioned. The jury, to whom the question was referred, found that the accident resulted from the use of the iron bar, and charged the defendant with negligence. A jury cannot be permitted to guess at the cause of an accident; but here the finding is supported by some competent testimony. Where the evidence points to a certain cause for an accident, which would fasten liability upon the defendant, the plaintiff will not be denied redress because there may be some other possible cause for the accident. In such case, the question is for the jury.

The evidence justified a finding that iron bars were unsafe tools to use for tamping loads in blasting; and that defendant was negligent in making general use of them for that purpose. Defendant was engaged in a hazardous business, and it was its duty to furnish such tools as would, so far as reasonably practicable, protect its employees from danger. "In the employment of inherently dangerous agencies, such as powder or other explosives, it is the duty of the master to exercise a degree of care for the safety of the servant commensurate with the danger reasonably to be anticipated. This rule is especially applicable to the plan or method of operation deliberately adopted by the master or his representatives. The master is liable if the injury to the servant is the result of a defective system not adequately protecting the work-

men at the time of the explosion": 9 Ruling Case Law p. 691. See also Tissue v. Baltimore & Ohio R. R. Co., 112 Pa. 91. So far as relates to defendant's negligence it is not important who supplied the particular bar in question, as, by the method in use for years in this mine, all the tamping was done by iron bars. The company's negligence resulted from the unsafe method of using and authorizing the use of iron bars for that purpose. "And one who places in the hands of or authorizes the use of by another person of a dangerous instrument or article under such circumstances that he has reason to know it is likely to produce injury is liable for natural consequences": 29 Cyc. 460. And see Mahoney v. Cayuga Lake Cement Company, 208 N. Y. 164.

As plaintiff had been doing the same work for seven years, it is urged that he assumed the risk. This contention is not without force. However, he was an illiterate foreign laborer, had never been employed in any other mine and, so far as appears, had no knowledge of blasting except as done by defendant. He had never been warned of the danger and might assume that the employer had taken proper precautions for his safety. Under such circumstances the question of assumption of risk was for the jury; as it always is where the facts or inferences are in doubt. See 18 Ruling Case Law, page 692. The rule as to assumption of risk does not apply where the danger is hidden and unknown to the employee. As the court below properly says, "In the absence of any testimony to the effect that plaintiff had knowledge that an iron tamping bar was an improper tool to use and one which was not in common and ordinary use by other companies engaged in the same line of business the court cannot hold that the plaintiff was charged in this respect with the assumption of the risk." So far as appears no similar accident had occurred at this mine and the danger was not so obvious and immediate as to convict plaintiff of contributory negligence as a matter of law, merely because he remained at his work.

Whether he was guilty of such negligence as matter of fact, under all the evidence, was for the jury. No case similar to this has been cited from our own State, and elsewhere there is some lack of uniformity in the decisions; but the conclusion of the court below seems well founded and free from error. Under like circumstances a recovery was sustained in the well considered case of Ohio Valley Ry. Co. v. McKinley, 33 S. W. Repr. 186 (Ky.). See also Pitts & Hankins v. Wells, 101 S. W. Repr. 1192 (Ky.). King v. Morgan, 109 Fed. Repr. 446, cited by appellant, is distinguishable from the present case. There plaintiff was intelligent, well educated and had done like work in different mines. That decision was by a divided court, but, if accepted as authority, it would not control this case.

The assignments of error are overruled and the judgment is affirmed.