Dunlevy-Franklin Co. *v.* Donatelli et al., Appellants.

286

Argued April 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harvey A. Miller* of *Miller & Nesbit,* for appellants. —A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of: Bruggeman et al. v. City of York, 259 Pa. 94; Nirdlinger v. American District Telegraph Company, 245 Pa. 453.

*William H. Eckert* of *Smith, Buchanan, Scott & Gordon,* and with him *Leon E. Hickman,* for appellee. —The rule for determining what is a proximate cause is, that the injury must be the natural and probable consequence of the negligence, and that this might and ought to have been foreseen under the surrounding circumstances; Pennsylvania Railroad Company v. Hope, 80 Pa. 373; Fitzpatrick v. Penfield, 267 Pa. 564.

OPINION BY GAWTHROP, J., July 10, 1930:

In consequence of a slide of earth from the hillside which runs parallel with Ardmore Boulevard in the Borough of North Braddock, Allegheny County, on March 23, 1928, plaintiff's automobile truck, while it was being driven east on the said boulevard, was wrecked and the load of meats carried therein was damaged. It brought the present action against defendants, complaining that the slide was occasioned by their negligence in performing the work of building and grading a street known as Lindbergh Boulevard, which was laid out through the hill. The specific charges of negligence were that in doing the work defendants set off excessive charges of dynamite in the course of their blasting operations on the day of the accident, and for many weeks prior thereto, and that they failed to take ordinary care and precaution to safeguard the vicinity from falling rocks and landslides while the blasting was being carried on and for a considerable period thereafter. The trial resulted in a verdict and judgment for plaintiff, and defendant brings this appeal.

The principal contention made in behalf of appellant is that the court erred in not directing a verdict for defendant on the ground that the evidence was not sufficient to submit to the jury the question whether the blasting operations of defendant were the proximate cause of the sliding of the hill which resulted in

the damages sustained by plaintiff. In examining this question we must assume the facts as plaintiff's proofs tended to establish them. The evidence fairly warranted a finding of the following facts: Defendants started the work four or five weeks before the accident. They were working on the hillside with a steam shovel within twenty-five or thirty feet of the mass of earth and rock, estimated at from five hundred to one thousand wagon loads, which slid down onto the highway and caused the accident. They were blasting for the purpose of loosening the ground which was to be removed by the shovel. On the night before the accident there was a point of land, between the place where defendants had first used their steam shovel and the point on the boulevard where the accident occurred, "sticking up almost perpendicularly" twenty or thirty feet. Witnesses observed that this projection which remained standing on the side of the hill "was loosening every day, ...... you could see a crack open up every night when we came home from work and it opened up a little every day." It was a part of this ground that came down on the boulevard and caused the accident. Defendants had been blasting just back of this projection, within fifty feet of the boulevard and within fifteen to twenty-five feet of their steam shovel which was "right near the slide." Within a week or ten days prior to this slide the blasting caused the breaking of windows in a house two hundred feet distant, some of the stones weighing seven pounds. Previous to making these excavations by defendant only small rocks or small amounts of earth slid down upon the highway. The slide which caused the accident covered the boulevard for fifty feet or more and extended across it and upon the street railway tracks. No supports of any kind had ever been provided by defendants to prevent any part of the embankment from sliding down upon the boulevard. According to the testimony of an expert en-

gineer the throwing of rocks such a distance indicated overblasts of dynamite and the leaving of the overhanging projections and the loose material without props or supports to prevent it from sliding down upon the boulevard was neither the usual nor a safe practice. There was evidence of one blast of dynamite by defendants early on the morning of March 23rd at about a half hour before the accident happened. In the light of testimony supporting these facts the withdrawal of the case from the jury was impossible. To the contention of appellant that none of the witnesses could specifically say that a blast was actually put off by defendants on the early morning of March 23rd so as definitely to warrant a finding that such a blast was responsible for the slide, it is sufficient to state that in our opinion the other evidence in the case is quite sufficient to establish that defendants were negligent in failing to take reasonable precaution to prevent just such a slide as occurred. The evidence fairly warrants the inference that the blasting which was done prior to March 23rd was the proximate cause of the slide, that it was a cause operating independently of any other independent unforeseen cause. It is a significant fact that no other reasonable cause for the slide appears. These blasts, even if there had been no blast on March 23rd, were sufficient to have loosened the hillside and set a trap which was likely to spring at any moment and cause just such an accident as that which happened. The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant: Sakach v. Antonoplos, 298 Pa. 130. Where the evidence points to a certain cause for an accident, which would fasten liability upon the defendant, the plaintiff will not be denied redress because there may be some other possible cause for the accident. In such

case the question is for the jury: DeNardo v. Stephens-Jackson Co., 261 Pa. 230.

We see no merit in the assignments that charge error in the admission and rejection of evidence.

The judgment is affirmed.