WALTER MICHALSKI, Respondent, v. AMERICAN MACHINE
AND FOUNDRY COMPANY, Appellant.

**Labor Law — provision requiring machines used in factories
to be guarded — construction and application of such pro-
vision — employer not liable for injury from unguarded
machine if there is no practicable guard obtainable — evidence
examined and held insufficient to sustain verdict against
employer.**

1. The statute (Labor Law, § 81, subd. 1) requiring machinery
and machines used in a factory to be guarded has application only
to machines and machinery which it is practicable to guard and from
which, unguarded, injuries to employees may reasonably be appre-
hended. In order to hold an employer liable for failure to comply
with the statute, there must have been a practicable guard which
could have been acquired by him.

2. Where in an action to recover for injuries suffered by plaintiff,
it was claimed that the machine by which they were inflicted was
not properly guarded, and it appeared that there was not in the
market or procurable or contrivable by defendant any guard for the
machine, the testimony of a witness descriptive of a guard which
never had existed or been obtainable or known to or contrivable by
the defendant, raised no real conflict in the evidence and could not
be adopted by the jury as the basis of a verdict for plaintiff.

*Michalski* v. *American Machine & Foundry Co.*, 176 App. Div. 901,
reversed.

(Argued December 6, 1918; decided January 14, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered October 9, 1916, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*J. Arthur Hilton* for appellant. The defendant did
everything that a reasonably careful and prudent man
could have done under the circumstances and is, there-

fore, not liable for the plaintiff's injury. (*Bushtis* v. *C. C. Co.*, 128 App. Div. 780; 198 N. Y. 548; *West* v. *B. M. Co.*, 128 N. W. Rep. 992.)

*Adolph Ruger* for respondent.   Appellant was guilty of negligence in that it violated the provisions of the Labor Law (Cons. Laws, ch. 36, § 81). (*Scott* v. *I. P. Co.*, 204 N. Y. 49; *Derouin* v. *N. Y. A. B. Co.*, 222 N. Y. 627; *Martin* v. *Walker-Williams Mfg. Co.*, 198 N. Y. 324; *Basel* v. *Ansonia Clock Co.*, 159 App. Div. 912; *McEwen* v. *Borden's Condensed Milk Co.*, 154 App. Div. 185; *Michalski* v. *American Machine & Foundry Co.*, 169 App. Div. 967.)

COLLIN, J.   The action is, servant against master, to recover damages for the alleged negligence of the defendant in failing to comply with a statute in that it did not guard the cutter of a milling machine.   The Appellate Division by a decision not unanimous affirmed the judgment consequent upon the verdict of the jury in favor of the plaintiff.   If there was not evidence that tended to support the verdict, the denial of the defendant's motion that the complaint be dismissed and the submission of the case to the jury were errors.   (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.)   We are to determine under the record presented, as a question of law, whether or not the evidence presented an issue of fact; in reviewing it we must give the respondent the advantage of all the facts properly presented and every favorable inference that can reasonably be drawn.

The plaintiff was injured by thrusting, as he slipped upon the oily floor, his hand upon the unguarded cutter of the milling machine which he was operating as an employee in the factory of the defendant.   The machine, including the part designated the cutter, was described upon the trial.   Its function was to shave, with exceeding

exactness, at times within less than a hair's breadth, the rough or irregular surface of metal. The cutter was a steel solid wheel, in upright position above the table of the machine, about seven inches in diameter and one inch in width. In and across the width of its circumference were set teeth or knives which, as it was revolved at the speed of about one hundred revolutions each minute, did the shaving.

At the trial the plaintiff expressly alleged, as the sole act of negligence on the part of defendant, its failure to comply with the statute. The trial justice charged the jury that whether the defendant was negligent depended upon whether it was practicable to guard the cutter. The appellant asserts and argues that unconflicting evidence established that it was not practicable. The statute relates to a factory where machinery is used, and provided: " Machinery of every description shall be properly guarded and provided with proper safety appliances or devices. All machines, machinery, apparatus, furniture and fixtures shall be so placed and guarded in relation to one another as to be safe for all persons." (Labor Law [Cons. Laws, chapter 31], section 81, subdivision 1.) In applying an analogous statute it has been stated that there is a broad distinction between " machines " and " machinery; " a machine is a concrete thing, consisting of all the parts and devices necessary to its operation; machinery is only a part of a machine, designed to work with other parts, so as to effect the common end. (National Enameling & Stamping Co. v. Zirkovics, 251 Fed. Rep. 184.) The statute has application only to machines and machinery which it is practicable to guard and from which, unguarded, injuries to employees may reasonably be apprehended. (Scott v. International Paper Co., 204 N. Y. 49; Pyne v. Cazenovia Canning Co., 220 N. Y. 126; Glens Falls Portland Cement Co. v. Travelers Insurance Co., 162 N. Y. 399.)

A detailed narration of the evidence is not essential
to an understanding of the reasons for our decision. The
plaintiff, in proving his case, as a witness in his behalf,
testified that the cutter was guarded by parts of the
milling machine at either side and above, and was
unguarded only at its front and rear; it was necessary
for the operator to watch the circumference of the cutter
and its contact with the metal when work was being
performed, otherwise the machine would have to be
stopped to know whether or not the work was being
correctly done. He introduced no other material evidence
(apart from photographs of the machine) relating to the
cutter and its guarding. The evidence of the defendant,
several of whose witnesses were disinterested, estab-
lished the conclusions: the defendant had through the
four or five years last past attempted to find and to
contrive a guard for the cutter; it was unable to learn of
or find one in the markets, or to contrive one which would
not seriously affect its efficiency or utility; it was impos-
sible to guard the cutter and leave it capable of perform-
ing the varied operations required of it; there was no
guard for the cutter in the markets or obtainable; no
instance of the guarding of or no guard for a cutter like
unto this was known or heard of. The evidence in
behalf of the defendant did not permit a reasonable
inference conflicting with those conclusions. A witness
called by the plaintiff, in rebuttal, testified in effect:
he was and for twenty-five years had been a consulting
engineer; he had examined the milling machine in question
to see if it was practicable to put a guard on it; it is
practicable to guard, in the way described by him, the
cutter of this machine while cutting a piece of material
such as was then shown him; he had seen probably
twenty-five thousand milling machines and never saw
but one guarded; that he saw in operation about three
years prior and saw it again about six months prior

to the then time. The plaintiff produced no further evidence relating to the practicability of guarding the cutter.

Such evidence in behalf of the plaintiff did not conflict with that introduced by the defendant to which we have referred. In order that there may have been a practicable guard there must have been a guard acquirable by the defendant, and workable. The statute does not require of the owner of a factory unreasonable results, omniscience, or unusual and extraordinary inventive genius. The evidence of the defendant proved that there was not in the market, or procurable or contrivable by it, any guard for the cutter; diligently it had sought, without success, to acquire a guard. This evidence, if undisputed directly or inferentially, did not permit a finding that the defendant was negligent. It was so undisputed. Indeed, a reasonable inference strengthening it is created by the evidence for the plaintiff. His expert witness, through many years of experience and investigation, during which the statute invoked by the plaintiff was, in effect, existing, had seen only one of twenty-five thousand milling machines guarded. Assuredly, the inference was reasonable that the guarding of the cutter up to the time of the trial had been deemed, by the parties interested, infeasible. The testimony of the witness, descriptive of a protecting guard which never had existed or been obtainable or known to or contrivable by the defendant, raised no real conflict and could not be adopted by the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur; CHASE, J., dissents.

Judgment reversed, etc.