PINE GROVE POULTRY FARM, INC., Appellant, *v.* NEW-TOWN BY-PRODUCTS MANUFACTURING CO., INC., Respondent.

Negligence — food — privity — action for breach of statutory duty may be maintained by one suffering property damage thereby — violation of statute prohibiting sale of food containing an injurious substance constitutes negligence as matter of law — sale of poultry feed containing ground wire to dealers — ultimate purchaser may recover from manufacturer damages for death of poultry to which it was fed — public statute need not be pleaded nor called to attention of court or of opposing counsel.

1. The right to maintain an action for the breach of a statutory duty is not restricted to one suffering an injury to the person. Property rights also come within the protection of a statute imposing a duty for the benefit of the general public.

2. Violation of a duty imposed by statute to refrain from the sale of food containing deleterious matter constitutes negligence as matter of law and any one having a special interest in the performance of that duty may sue for a breach.

3. Where, therefore, defendant manufactured and sold to dealers poultry feed falling within the type of food defined by sections 128 and 130 of the Farms and Markets Law (Cons. Laws, ch. 69) prohibiting the sale of feeding stuffs containing any substance injurious to the health of animals, plaintiff, an ultimate purchaser, may maintain an action for negligence and recover his damages where the evidence

clearly shows that the feed contained ground wire which caused the death of several thousand of his ducks to which it was fed.

4. A public statute, such as the Farms and Markets Law, need not be pleaded. Neither is there any requirement that during the trial it shall be brought to the attention of the court or of opposing counsel.

*Pine Grove Poultry Farm* v. *Newtown By-Products Mfg. Co.*, 222 App. Div. 834, reversed.

(Argued May 4, 1928; decided May 29, 1928.)

APPEAL from a judgment, entered February 11, 1928, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Harold R. Medina, Edward Gluck* and *C. Elmer Spedick* for appellant. The evidence amply justified the trial court in submitting the case to the jury and justified the jury in finding that the defendant was negligent in the manufacture of the meat scraps by not seeing that the wire was removed therefrom and that such negligence was the sole cause of the death of the plaintiff's ducks. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Ritchie* v. *Sheffield Farms Co., Inc.*, 129 Misc. Rep. 765; *Abounader* v. *Strohmeyer*, 243 N. Y. 458.) The defendant's sale of meat scraps containing wire, a foreign substance, injurious to the health of animals and having no feeding value, violated the statute prohibiting such sale (Farms & Markets Law, §§ 130, 131); and rendered the defendant liable to the plaintiff in this case, whether the statute furnishes a basis for a technical action upon warranty or not. (*Abounader* v. *Strohmeyer*, 243 N. Y. 458.)

*Murray G. Jenkins* for respondent. Where certain claims are made and tried out upon one theory, the losing party who does not raise and make an issue of

certain facts, circumstances or law consistent with another theory, may not withhold until appeal to the court of last resort that theory and then advance it for the first time in the hope of obtaining a favorable result. (*Hull* v. *Burr,* 234 U. S. 712; *Oakes* v. *Oakes,* 55 App. Div. 576; 167 N. Y. 625; *Nelson* v. *City of New York,* 131 N. Y. 4; *Home Ins. Co.* v. *Western Transportation Co.,* 51 N. Y. 93; *Krauss* v. *Webber Const. Co.,* 156 App. Div. 39; *Beattys* v. *Straiton,* 142 App. Div. 369; *Ehmen* v. *Gothenburg,* 200 Fed. Rep. 564; *Spires* v. *Los Angeles,* 150 Cal. 64; *Baxter* v. *Boston R. R. Co.,* 217 Mass. 312; *Jones* v. *Pulitzer Pub. Co.,* 240 Mo. 200; *Turtle Creek Borough* v. *Penn. Water Co.,* 243 Penn. St. 415; *Occidental Bldg. Assoc.* v. *Adams,* 96 Neb. 454; *Brotherhood of Railway Trainmen* v. *Dee,* 101 Tex. 597.) At common law no action sounding in tort arose against the manufacturer by a third person with whom no contractual relation existed. (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382.) No cause of action exists for breach of warranty, because there was no privity of contract between plaintiff and defendant. (*Engel* v. *Cushman's Sons,* 206 App. Div. 777; *Moore* v. *City of Albany,* 98 N. Y. 396; *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210; *Winterbottom* v. *Wright,* 10 M. & W. 109; *Dulaney* v. *Joes & Rogers,* 100 Minn. 835; *Nat. C. O. Co.* v. *Young,* 74 Ark. 144.)

O'Brien, J.   Plaintiff operates an extensive duck farm on the south shore of Long Island. Defendant manufactures a brand of poultry feed known as meat scrap. It consists of scraps of meat procured from butcher shops, seasoned and ground and sifted through a screen, then packed in bags and sold to retail dealers. From such a dealer plaintiff purchased large quantities and upon it fed its ducks. Several thousand died. This high mortality was traced to the presence in the feed of fine particles of steel wire which had been fastened by butchers to the meat and, still attached to the scraps,

was ground with them. The question is presented whether in the absence of privity between the manufacturer and the ultimate purchaser, plaintiff can recover.

Theories based upon common-law rules of negligence need not now be considered. An answer to the question whether the doctrine of common-law negligence founded upon the principles applied in such decisions as *Thomas* v. *Winchester* (6 N. Y. 397) and *Mac Pherson* v. *Buick Motor Company* (217 N. Y. 382) shall be further extended to include damage to property rights as distinguished from personal injuries, may prudently be reserved for the future. Before us now is a set of facts which requires disposition according to statutory enactment. The action is based upon negligence. The complaint alleges it. The jury found it. The verdict rests upon evidence, so clear that its truth cannot be and is not assailed, proving that the feed contained ground wire and that the loss of the poultry resulted from that cause. The court, adopting the theory of negligence pleaded by plaintiff, charged the rule relating to reasonable care. In view of the statute he might have correctly charged negligence as matter of law.

The Farms and Markets Law (Cons. Laws, ch. 69) controls this case. Section 130 prohibits the sale of any concentrated commercial feeding stuffs containing any substances injurious to the health of animals, and section 128 defines " concentrated commercial feeding stuffs " as including ground " beef " or fish scraps and " all other materials of a similar nature." The meat scraps sold by defendant and fed to plaintiff's poultry are alleged in the complaint to be " Red X Brand Meat Scraps." Throughout the trial reference was usually made to them as such, yet on several occasions, without objection by defendant, they were described as " beef " scraps. The scraps of meat of which the feed was composed were gathered indiscriminately from a thousand shops. A proportion of this meat must have been beef. Even if the pro-

portion of beef to the other meats were low, the material in the finished product, being meat, was of a similar nature to ground beef scrap. The feed falls within the type of food defined by sections 128 and 130. It was proved to be injurious to the health of animals and, therefore, its sale was prohibited. Violation of the duty to refrain from the sale of this feed as imposed by section 130 constitutes negligence as matter of law and any one having a special interest in the performance of that duty may sue for a breach. (*Willy* v. *Mulledy*, 78 N. Y. 310; *Marino* v. *Lehmaier*, 173 N. Y. 530, 535; *Amberg* v. *Kinley*, 214 N. Y. 531.) The right to maintain an action for the breach of a statutory duty is not restricted to one suffering an injury to the person. Property rights also come within the protection of a statute imposing a duty for the benefit of the general public. Such a rule has been applied by us to a violation of the Farms and Markets Law in a case where no privity of contract existed between the party guilty of the violation and the one incurring the damage. No element of ordinary negligence is essential. Violation of the statute becomes actionable default. (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458.) A public statute, such as the Farms and Markets Law, need not be pleaded. Neither is there any requirement that during the trial it shall be brought to the attention of the court or opposing counsel. The facts found by the jury upon abundant evidence constitute as matter of law a violation of the statute. The court may have charged more favorably to defendant than the statute contemplates. Defendant cannot complain.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur; POUND, J., not sitting.

Judgment accordingly.