CLARENCE M. SAXTON, Respondent, v. THE DELAWARE AND HUDSON COMPANY, Appellant.

364

(Argued April 3, 1931; decided May 12, 1931.)

*Joseph Rosch, P. C. Dugan* and *J. L. FitzGerald* for appellant.

*James A. Leary* for respondent.

LEHMAN, J. The plaintiff, a trainman employed by the defendant, was injured through the parting of a coupler between two cars on a freight train. That was due to a defective drawbar which held the coupler in place. The jury found upon sufficient evidence that the accident was due to the negligence of the defendant, but the judgment must be reversed and a new trial ordered, because of error in the charge to the jury, if a finding of negligence is necessary to sustain a recovery.

The complaint alleges that the train was operated in violation of the Safety Applicance Act of the United States. (Mason's U. S. Code, title 45, ch. 1, § 2.) That act provides: " It shall be unlawful for any common carrier * * * to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact." The statutory duty imposed is absolute and unqualified, " and if the railroad does, in point of fact, use cars which do not comply with the standard, it violates the plain prohibitions of the law, and there arises from that violation a liability to make compensation to one who is injured by it." (*St. Louis, I. M. & S. Ry. Co.* v. *Taylor*, 210 U. S. 281, 295; *Louis-*

*ville & Nashville R. R. Co.* v. *Layton,* 243 U. S. 617.) " Non-performance of that duty could not be evaded or excused by proof that the corporation had used ordinary care in the selection of proper couplers or reasonable diligence in using them and ascertaining their condition from time to time." (*Chicago, B. & Q. Ry. Co.* v. *United States,* 220 U. S. 559, 574.) The statutory prohibition includes the use of cars equipped with a coupler which has become defective during such use. From the mere fact that a coupler failed to perform its function, an inference may be drawn that the carrier violated its absolute duty. (*Minneapolis & St. Louis R. R. Co.* v. *Gotschall,* 244 U. S. 66.) A coupler which cannot perform its function does not measure up to the statutory standard, and it is immaterial whether the defect is in the coupler itself or in adjuncts without which it cannot operate. (*Keenan* v. *Director General of Railroads,* 285 Fed. Rep. 286.) Though the plaintiff in this case was not engaged in the work of coupling cars, he was entitled to the protection of the statute, and the defendant's violation of its statutory duty was the proximate cause of the injury.

Since the defendant is liable for the result of a violation of its statutory duty, even if it exercised reasonable care in inspecting the coupler and in operating the freight train, errors in the charge to the jury as to inferences of failure to use such care, which the jury might draw from the testimony, are not prejudicial.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and HUBBS, JJ., concur; O'BRIEN, J., not sitting.

Judgment affirmed.