AIMÉ BOURCHEIX, Respondent, v. WILLOW BROOK DAIRY, INC., Appellant.*— Judgment in favor of plaintiff in action predicated upon the theory of negligence to recover damages for personal injuries resulting from the consumption of foodstuffs unfit for that purpose, and order denying defendant's motion for a new trial, affirmed, with costs. No opinion. Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial with the following memorandum: There is agreement that the charge as to liability on the theory of warranty was error. It is also agreed that if the presence of the glass in the bottle was a violation of section 50 of the Farms and Markets Law, it would constitute negligence as a matter of law and, therefore, the charge as to warranty would be

* Revd., 268 N. Y. 1.

harmless. Section 50 deals with unclean, impure, unhealthy, adulterated or unwholesome milk or any cream from the same, or any unclean, impure, unhealthy, adulterated, colored or unwholesome cream. The glass did not impair the quality of the cream. Article 4 was derived from the Agricultural Law and its purpose is to prevent the sale of adulterated milk and cream. Section 130 of the Farms and Markets Law, ▮ considered in P. G. Poultry Farm v. Newtown B.-P. Mfg. Co. (248 N. Y. 293), is quite different. It refers, among other things, to what may or may not be in " feeding stuffs," to " any substances injurious to the health of animals." There is no such reference in section 50. I am not in accord with the majority of the court that section 50 of the Farms and Markets Law applies to a case such as this. In my opinion the glass in the bottle of cream did not constitute a violation of that section. Therefore, the error as to warranty was harmful and the verdict must be set aside. Tompkins, J., concurs for reversal and a new trial for the reasons stated by Lazansky, P. J., and on the further ground that the determination is against the weight of the evidence.