## MICHALEK v. UNITED STATES GYPSUM CO.
### No. 288.

Circuit Court of Appeals, Second Circuit.
March 18, 1935.

William L. Clay, of Rochester, N. Y., for appellant.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y. (Casper Baltensperger, of Rochester, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant, employed in New York state by appellee as a miner for twenty years, left its employment in July, 1929. He commenced this suit for damages to his person, due to contracting silicosis, on February 19, 1934. Asserting by affidavit that the suit was barred by the statute of limitations, the appellee moved for its dismissal, which was granted.

■ The complaint pleads a cause of action based on the negligent failure of the appellee to provide proper safeguards and appliances to protect appellant from dust generated at the place of employment, appellant contracting pneumoconiosis, pulmonary fibrosis, and other diseases. Application for leave to file an amended complaint was refused. The amended complaint, in addition to the allegations of negligence and nuisance, as in the original complaint, added other causes of action, separately stated. Filing was refused because the pleaded causes of action were held barred by the limitations statutes of New York.

The motion to dismiss the complaint complied with the New York practice. Rules 107, 108, Rules of Civil Practice; Koppel Industrial C. & E. Co. v. Portalis & Co., Ltd., 205 App. Div. 144, 199 N. Y. S. 153.

Section 49 of the Civil Practice Act provides that a suit must be commenced within three years when based upon "An action to recover damages for a personal injury resulting from negligence." The appellant's actionable injury, if any, resulted from his employment and occurred some time before he terminated that service. The duties owed to appellant lasted during employment and ended with its cessation.

The negligence claimed in the first cause of action occurred during his service. The statute began to run when he left, and he had three years thereafter to sue. After this lapse, the action was barred. Conklin v. Draper, 229 App. Div. 227, 241 N. Y. S. 529, affirmed 254 N. Y. 620, 173 N. E. 892; Wiersycki v. Pratt & Letchworth Co., 151 Misc. 207, 271 N. Y. S. 36. In compensation acts, some states have defined the time of accrual of causes of action. Dusek v. Penn. R. R. Co. (C. C. A.) 68 F.(2d) 131; Johnson v. London Guarantee & Accident Co., 217 Mass. 388, 104 N. E. 735; Madison v. Wedron Silica Co., 352 Ill. 60, 184 N. E. 901; Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N. W. 316. But under no rule of common law has it been held that the opinion of an expert as to when silicosis actually appeared starts the statute running. The cause of injury and the wrong may be committed, perhaps, at different times, but must occur within the time of employment.

■ The second cause of action is based on nuisance. But the damage, which the appellant claims was due to exposure, existing solely at the place of employment and which arose as an incident of his employment, is limited to such time. Such a right of action, if it exists, is based on negligence and not nuisance. Hayes v. Brooklyn Heights R. R. Co., 200 N. Y. 183, 93 N. E. 469; Hughes v. City of Auburn, 161 N. Y. 96, 55 N. E. 389, 46 L. R. A. 636; Kavanagh v. Barber, 131 N. Y. 211, 30 N. E. 235, 15 L. R. A. 689; Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295.

■ The third cause of action is based on a breach of contract. The failure to supply appellant with a safe place to work results not in a breach of contract, but a wrongful act of negligence for which recovery may be had. Hermes v. Westchester Racing Ass'n, 213 App. Div. 147, 210 N. Y. S. 114; Maxson v. D., L. & W. R. R. Co., 112 N. Y. 559, 20 N. E. 544; Webber v. Herkimer & M. St. R. R. Co., 109 N. Y. 311, 16 N. E. 358; Carroll v. Staten I. R. R. Co., 58 N. Y. 126, 134, 17 Am. Rep. 221.

The fourth cause of action sounds in fraud or misrepresentation, but its offense, if any, is due to negligence. Payne v. N. Y. Susquehanna & W. R. R. Co., 201 N. Y. 436, 95 N. E. 19; Daurizio v. Merchants' Despatch Transp. Corp., 152 Misc. 716, 274 N. Y. S. 174.

The appellant in his fifth cause of action, says he rests on a statutory obligation, as distinguished from negligence, and that the New York statute allows six years in which to sue. Civil Practice Act, § 48.

Section 299, subd. 3, of the Labor Law of the State of New York (Consol. Laws, c. 31), provides:

"If dust, gases, fumes, vapors, fibres or other impurities are generated or released in the course of the business carried on in any workroom of a factory, in quantities tending to injure the health of the employees, suction devices shall be provided which shall remove such impurities from the workroom, at their point of origin where practicable, by means of proper hoods connected to conduits and exhaust fans. Such fans shall be kept running constantly while the impurities are being generated or released."

The appellant claims a failure to provide such safeguards as the statute indicates, and that this created a new cause of action. The claim in essence is that the statute requires equipment, and failure to so equip creates liability per se. Failure, if any, to comply with this statutory duty, was a negligent act. Its violation was a breach of the New York Labor Law. There always remains, however, with respect to this duty, the question of whether the appellee negligently failed to comply with the requirements of the statute. The duty the appellant's master owed to him may be said to be based upon a new standard of care, but it created no new cause of action. The obligation was to supply the factory or mine "with proper and sufficient means of ventilation," and machinery creating dusts "shall be equipped with proper hoods connected to an exhaust fan." The statute is part of the Labor Law of the state. The state courts of New York have had occasion to consider other sections of the Labor Law. Violations of the provisions of the Labor Law have been held not to create a civil remedy in favor of the injured employee. Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783, 16 Ann. Cas. 589. A violation of the statute, however, per se, is evidence of negligence for which a jury might find a defendant liable. Koester v. Rochester Candy Works, supra; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811; Glens Falls Portland Cement Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897; Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413; Michalski v. American M. & F. Co., 225 N. Y. 294, 122 N. E. 233.

The rule was stated in Mautsewich v. U. S. Gypsum Co., 217 N. Y. 593, 112 N. E. 471, 472, as follows: "The Legislature, by directing the commissioner of labor to see that every necessary precaution is taken to insure the safety and health of employees employed in the mines and quarries and in the construction of tunnels of the state and to prescribe rules and regulations therefor, intended to supplement the common-law rules relating thereto, and thereby further to insure the safety of those employed in such dangerous employments. * * * The employer is also subject in case of an injury resulting from their disobedience to the ordinary consequences arising from negligence."

We think the rule to be, as stated, that a breach of this statutory obligation is evidence of negligence so far as the relations between this appellant and his employer are concerned. We need not now inquire as to what may be the obligation otherwise as between the appellee and the state authorities.

In Gilvary v. Cuyahoga Valley Ry. Co., 292 U. S. 57, 54 S. Ct. 573, 574, 78 L. Ed. 1123, a breach of the Federal Safety Appliance Act (45 USCA § 1 et seq.) was involved, and the court there, referring to the statute, pointed out that it prescribed the duty of the employer, and said that a violation of the act was a breach of duty owed to an employee, but that "the absence of a declaration similar to that in the Federal Employers' Liability Act (45 USCA §§ 51–59), which denounces contracts and other arrangements made for the purpose of exempting carriers from liability created by that act * * * strongly suggests a lack of legislative purpose to create any cause of action therefor. Moreover, if there had been such purpose, Congress probably would have included provisions in respect of venue, jurisdiction of courts, limitations, measure of damages, and beneficiaries in case of death."

This statute created a new ground of negligence, but not a new cause of action.

In Jacque v. Locke Insulator Corp., 70 F. (2d) 680, 683, in a case similar to the instant one, this court said: "In the case at bar, section 299 of the Labor Law furnished a standard of care for the elimination of dust and warned the defendant of the necessity of taking means sufficient to prevent the diffusion of silica dust through the air of the room in which its employees worked."

The rule of reasonable care thus applied had the strength of an additional statutory requirement. If the case was submitted to the jury, it was for the jury to say on all the evidence together with the statutory obligation whether or not the appellee was negligent.

The sixth cause of action appears to be intended to avoid the three years' limitation. In it the appellant alleges that the appellee wrongfully and unlawfully maintained on its premises a factory without proper and sufficient ventilation; that it maintained its working rooms, in which dust was generated and released into the air, without providing means for removing the dust. If so, it was a violation of the statutory requirements and a negligent act, and the statute of limitations bars a recovery.

The order denying leave to file the amended complaint and dismissing the complaint filed was properly entered.

Order affirmed.

AUGUSTUS N. HAND, Circuit Judge (dissenting in part).

Whether the causes of action arose when the plaintiff inhaled silica dust particles, during the term of his employment by the defendant, or only when the disease of silicosis developed as the result of inhaling, is not an easy question to answer. But I believe that we are justified in following the decision of the Appellate Division of the New York Supreme Court in Conklin v. Draper, 229 App. Div. 227, 241 N. Y. S. 529, affirmed in 254 N. Y. 620, 173 N. E. 892, and regarding the last date of inhaling the silica dust as the time from which the statute runs for those causes of action that are founded on negligence. Accordingly, I agree that the judgment should stand so far as it dismissed the complaint as to the causes of action other than the fifth.

In the fifth cause of action it is alleged that defendant's workroom in which the plaintiff inhaled the silica dust was a "factory," as defined by the Labor Law of the state of New York (section 2), and that a New York statute required the defendant to equip machinery, creating dust and impurities, with proper hoods and pipes connected with an exhaust fan of sufficient capacity to remove such dust and impurities and to provide its factory with proper and sufficient means of ventilation. It was further alleged that the plaintiff during the term of his employment received injuries and suffered damage by reason of the violation of the statute by the defendant.

Under the foregoing allegations, the fifth cause of action is one "to recover upon a liability created by statute," for which the New York Civil Practice Act sets a period of limitation of six years. N. Y. Civil Practice Act, § 48 (2). Six years had not elapsed between the time when the plaintiff last worked for the defendant and the time of the commencement of the present action —in other words, the statute of limitations applicable to the fifth cause of action had not then run, and that cause of action could properly only be disposed of after answer and a trial of the issues on the merits.

In the opinion of the majority of the court, the failure to comply with the statutory provisions embodied in section 299 of the New York Labor Law did not create a liability per se, and was only evidence of negligence; that is to say, even the fifth cause of action was to recover damages for negligence and not for violation of a statute.

But in Amberg v. Kinley, 214 N. Y. 531, 108 N. E. 830, L. R. A. 1915E, 519, the New York Court of Appeals held that neglect to provide fire escapes on a factory, as required by the Labor Law, whereby plaintiff's testator lost his life, gave rise to a cause of action under that law irrespective of negligence. Cuddeback, J., said (at page 535 of 214 N. Y., 108 N. E. 830, 831): "In a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute creates a liability per se, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence."

Similarly the New York Court of Appeals has held that the provision of the Labor Law prohibiting children under 16 from operating elevators creates a statutory liability in favor of a child injured through a disregard of the prohibition in spite of any contributory negligence. Karpeles v. Heine, 227 N. Y. 74, 124 N. E. 101. See,

also, Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536; Abounader v. Strohmeyer & Arpe Co., 243 N. Y. 458, 466, 154 N. E. 309; Pine Grove Poultry Farm v. Newton By-Products Mfg. Co., 248 N. Y. 293, 297, 162 N. E. 84; Saxton v. Delaware & Hudson Co., 256 N. Y. 363, 176 N. E. 425; Chicago, B. & Q. Ry. Co. v. United States, 220 U. S. 559, 574, 31 S. Ct. 612, 55 L. Ed. 582.

If a statute is for the benefit of a particular class, and one of that class is injured because of its violation, under the New York decisions, the statute furnishes the foundation for recovery irrespective of negligence. If, on the other hand, a statute is enacted for the benefit of the public generally, a neglect to observe its terms, which results in personal injury, may be considered by the jury as evidence of negligence. Di Caprio v. N. Y. C. R. R. Co., 231 N. Y. 94, 97, 131 N. E. 746, 16 A. L. R. 940. The fifth cause of action seems to fall within the first of these categories, and the liability asserted in it is based upon the statute and not on negligence.

Legally I can see no difference between a cause of action founded on a neglect to observe the provisions of the New York Labor Law which require fire escapes in factories or on a disregard of the provisions of the same law prohibiting children under 16 from operating elevators and one based on a neglect to install equipment to prevent the dispersion of dust in factories. Each is to recover damages caused by a failure to obey requirements of the New York Labor Law designed to protect workmen from injuries. Accordingly, the six-year period of limitation should be applied rather than the three-year period provided in case of personal injuries resulting from negligence. The second period has expired and the first has not.

Detmar v. Nussbaum, 149 Misc. 469, 267 N. Y. S. 732, affirmed 241 App. Div. 720, 269 N. Y. S. 1006, and Nichols v. Chesapeake & Ohio Railway Co., 195 F. 913 (C. C. A. 6), are persuasive authorities in support of the view that such a cause of action as is created by section 299 (2) and (3) of the Labor Law is governed by section 48 (2) of the New York Civil Practice Act barring actions to recover upon a liability created by statute rather than by section 49 (6) barring actions to recover damages for personal injuries resulting from negligence.

I think that the judgment in so far as it dismissed the fifth cause of action should be reversed, but otherwise affirmed.