**AUGUSTUS v. REPUBLIC STEEL CORP.**

Civ. A. No. 6398.

United States District Court
N. D. Alabama, S. D.

Sept. 7, 1951.

Lipscomb & Brobston, Bessemer, Ala., for plaintiff.

Burr, McKamy, Moore & Tate, Birmingham, Ala., for defendant.

LYNNE, District Judge.

This cause coming on to be heard upon the defendant's motion to dismiss the complaint as last amended, and being submitted upon written briefs and oral argument, the Court renders the following opinion and decree:

The complaint is in two counts, each of which seeks to recover damages for the contraction of lung disease by the plaintiff while in the employment of the defendant in its ore mine and at its ore concentration mill. Both counts allege the employment of the plaintiff at the ore mine as an underground worker from January 30, 1920 to November 15, 1943 and at the ore concentration mill from November 15, 1943 to October 24, 1944, which was the date of last employment of the plaintiff by the defendant, and therefore the date of his last exposure to any hazard in defendant's employment. The suit was filed in the state court on October 29, 1949 and removed by the defendant to this court.

The defendant's motion to dismiss takes the ground (first) that the plaintiff is not such a third party beneficiary as can maintain his individual suit for breach of the alleged contract sued upon in Count One;

and (second) that regardless of how the action may be stated, it is in actuality *ex delicto* for personal injuries proximately caused by failure to furnish a safe place to work, and on its face shows that the action is barred by the Alabama Statute of Limitations of One year. § 26, Title 7, Code of Alabama 1940.

Considering first Count One of the complaint, it is noted that it is an attempt upon the part of the pleader to state an action for personal injuries as the proximate result of a breach of a collective bargaining agreement entered into on September 5, 1942 between the defendant and the International Union of Mine, Mill and Smelter Workers on behalf of and for the use and benefit of Local Unions Nos. 121 and 556 of which Local Unions the plaintiff is alleged to have been a member in good standing. A copy of the complete collective bargaining agreement is attached as an Exhibit to Count One.

In pertinent part Section 11 of said Agreement reads as follows: "The Company shall continue to make reasonable provision for the safety and health of its Employees at the mill and mines during the hours of their employment. Protective wearing and safety devices, and other equipment necessary to properly protect Employees from injury shall be provided by the Company in accordance with the practices now prevailing in each separate mine and mill."

The count states the relationship of master and servant, exhibits the contract, and alleges the injuries to have been proximately caused by the act of the defendant in requiring or causing the plaintiff to perform his duties as an employee in those places in said mine which were furnished by the defendant to the plaintiff as places in which to perform his duties as said employee. The gravamen of the count is stated as follows: "and the plaintiff alleges that the defendant breached said contract or agreement in that the defendant failed or refused to make or maintain reasonable provisions for the safety and health of the plaintiff."

Unquestionably, at common law and under the decisions of the Alabama

Supreme Court, see Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, there was a duty placed upon the defendant to furnish the plaintiff a reasonably safe place to work, and this duty was imposed by law because of the relationship of master and servant. It is obvious from the quoted part of the Agreement (Section 11) that no higher or further duty was imposed by its terms. The obligation of defendant by law was to furnish a safe place to work and the alleged agreement adds nothing to such duty, but is simply an affirmation thereof.

The principle which appears to govern is stated in Volume 1 Corpus Juris Secundum, Actions, § 49, at page 1125, as follows: "The determination of whether a particular action between a master and his servant is in contract or in tort depends on whether the gravamen of the action is a breach of a purely contractual duty or a duty imposed by law. Hence, an action by a servant for compensation as fixed in his contract of employment is in contract, notwithstanding allegations of fraud on the part of the employer in respect of statements furnished by him of the amounts due to the employee; so also is an action by a servant for a wrongful discharge from his employment, notwithstanding allegations sounding in tort; *but an action for an injury due to the unsafe condition of the place where a servant is required to work will be construed as in tort,* even though it is alleged that the employer had agreed to repair the defect which caused the injury or it is alleged that the employer had agreed to take certain precautions for the employee's protection, which, if taken, would have prevented the injury." (Emphasis supplied.)

Other cases compelling to a like conclusion are Denning v. State, 123 Cal. 316, 55 P. 1000; Krebenios v. Lindauer, 175 Cal. 431, 166 P. 17; Doremus v. Root, C.C., 94 F. 760; Michalek v. United States Gypsum Co., 2 Cir., 76 F.2d 115; Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450; Speziale v. National Brass Mfg. Co., 246 App.Div. 678, 284 N.Y.S. 104; Labuke v. Cohen, 304 Mass. 156, 23 N.E.2d 144. The recent case from the Fifth Circuit Court of Appeals

seems also to have analogy, Brotherhood of Locomotive Firemen and Enginemen v. Mitchell, 190 F.2d 308, opinion by Judge Hutcheson.

■ The Court concludes that looking at the substance of Count One instead of the form thereof, it states an action *ex delicto* for personal injuries, and that such action is barred by the Alabama Statute of Limitations of one year. § 26, Title 7, Code of Alabama 1940. Minyard v. Woodward Iron Co., D.C., 81 F.Supp. 414; Same case, Woodward Iron Co. v. Minyard, 5 Cir., 170 F.2d 508.

Count Two of the complaint seeks to recover for the same injuries as alleged in Count One upon a tort theory and in avoidance of the statute of limitations alleges that plaintiff did not know nor ascertain that he was suffering from lung disease until October 18, 1949, at which time he was examined by a physician. The plaintiff cites Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, in support of this count. However, Urie v. Thompson, supra, was a suit under a Federal Statute and applying a Federal Statute of Limitations. In Count Two, the plaintiff attempts to state a tort action to which the State of Alabama Statute of Limitations is applicable under the decisions of the Alabama Courts. There can be no doubt under the allegations of the Count that there has been no invasion of plaintiff's person since October 24, 1944, the date of his last employment by the defendant, and therefore, the date of his last exposure to any hazard in defendant's employment. This Court has heretofore held in Minyard v. Woodward Iron Co., supra, which was affirmed by the Circuit Court of Appeals in Woodward Iron Co. v. Minyard, [81 F.Sup. 417.] supra, as follows: "The Alabama one-year statute of limitations, Code of Alabama 1940, Title 7, Section 26, is applicable, in that said statute began to run from the last date on which plaintiff inhaled silica dust while employed by defendant, which was the 13th day of September, 1946. Cf. Michalek v. United States Gypsum Co., 2 Cir., 76 F.2d 115."

■ The Alabama Court has never held that plaintiff's ignorance of his right of action tolled the statute of limitations in the absence of fraud. The question was exactly considered in Hudson v. Moore, 239 Ala. 130, 194 So. 147, 148, from which this quotation:

"The cause of action here alleged arose at the date of the operation, the point of time when the tortious act or breach of contractual duty occurred proximately resulting in the injury. An action could have been maintained at any time thereafter. That cumulative injuries developed thereafter did not postpone the right of action, nor prevent the running of the statute of limitations.

"The statute defines the instances in which the running of the statute is tolled.

"Ignorance of the cause of action, unless superinduced by fraud, is not one of them, nor is difficulty of ascertainment. The statute is one of repose, intended to put an end to controversy, interposing an absolute bar. It is not for the courts to invent other exceptions to meet unusual cases. Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Kelly v. Shropshire, 199 Ala. 602, 75 So. 291; Tillison v. Ewing, 91 Ala. 467, 8 So. 404."

■ The Court therefore concludes that Count Two of plaintiff's complaint fails to state a good cause of action since it appears on its face that the cause of action is barred by the statute of limitations of one year.

Taking the views announced above, it is unnecessary to consider the other ground of defendant's motion to dismiss, and discussion of whether the plaintiff is such a third party beneficiary under the collective bargaining agreement as could maintain a suit for breach of Section 11 thereof is pretermitted.

The Court is of the opinion that the defendant's motion to dismiss should be granted.

It is therefore ordered, adjudged and decreed that the above-styled cause be and the same is hereby dismissed. It is further ordered, adjudged and decreed that no costs of court be taxed herein.