**AUGUSTUS v. REPUBLIC STEEL CORP.**

No. 13845.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1952.

Rehearing Denied Jan. 28, 1953.

D. G. Ewing, Birmingham, Ala., W. E. Brobston, Bessemer, Ala., for appellant.

Borden Burr and Greye Tate, Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Filed November 8, 1949, to recover damages for silicosis resulting to plaintiff in 1944, from defendant's failure to provide a ventilation system as needed in its mines, the suit was in two counts.

In Count One, sounding in contract, plaintiff, as third party beneficiary, sought to recover for breach of a collective bargaining agreement entered into between the defendant and the International Union of Mine Mill and Smelter Workers, on behalf of and for the use and benefit of local unions of which plaintiff was a member.

Count Two was in tort.

Defendant, urging in effect that, despite the form in which the count was cast, the action was not in contract but in tort, and that the Alabama Statute of Limitations of One Year barred it, moved to dismiss the suit.

The district judge, agreeing with defendant's contention, dismissed the action. D.C., 100 F.Supp. 46.

Citing as authority to the contrary the holding of the Jefferson Circuit Court, plaintiff, appealing from the judgment, is here vigorously insisting that the district judge was in fundamental error in holding that the first count stated an action not in contract but in tort, which was barred in one year.

Calling to our attention that, in Tennessee Coal, Iron & Railroad Company v. Charles Ross Sizemore, the appeal of the Jefferson Circuit Court case, the question presented here had been argued before, and submitted to, the Supreme Court of Alabama, and was pending there for decision, appellant insisted that the action of the Jefferson Circuit Court would almost certainly be affirmed; while the appellee, with equal confidence, asserted the contrary.

Of the opinion that this court should not undertake to decide the question but should, under the circumstances, await the decision by the Supreme Court of the state of the question of statutory construction presented for decision there and here, we deferred acting upon the appeal until we had the benefit of the state court's views.

That court has now affirmed the judgment appealed from and, in its opinion, Ala.Sup., 62 So.2d 459, determined the controlling question for decision here in accordance with the contention of the appellant. The judgment appealed from is accordingly reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.