CHOTAPEG, INC., Appellant, *v.* SYLVIA M. BULLOWA, Respondent.

Submitted June 17, 1943; decided July 20, 1943.

*Charles A. Van Patten* and *Jacob B. Goldberg* for appellant. Defendant's violation of statutory duty to plaintiff's damage gives rise to a cause of action in plaintiff's favor. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Michalek* v. *U. S. Gypsum*, 16 F. Supp. 708; *Karpeles* v. *Heine*, 227 N. Y. 74; *Racine* v. *Morris*, 201 N. Y. 240; *Willy* v. *Mulledy*, 78 N. Y. 310; *Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458; *P. G. Poultry Farm, Inc.*, v. *Newtown B.-P. Mfg. Co.*, 248 N. Y. 293; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Amberg* v. *Kinley*, 214 N. Y. 531; *Martin* v. *Herzog*, 228 N. Y. 164; *Pinghero* v. *Queens Co. Sav. Bank*, 260 App. Div. 667; *King* v. *Dredger*, 256 App. Div. 1086; *Roock* v. *Womer*, 233 App. Div. 566; *Schneider* v. *44–84 Realty Corp.*, 169 Misc. 249, 257 App. Div. 932; *Matter of City of New York* [*Hutchinson River Parkway Extension*], N. Y. L. J., December 30, 1939, p. 2379; *D'Onofrio* v. *Central Sav. Bank*, 176 Misc 709.) The statute is expressly for the benefit of the owners of party walls. (*Racine* v. *Morris*, 201 N. Y. 240; *Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458; *P. G. Poultry Farm, Inc.*, v. *Newtown B.-P. Mfg. Co.*, 248 N. Y. 393; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Willy* v. *Mulledy*, 78 N. Y. 310; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Michalek* v. *U. S. Gypsum*, 16 F. Supp. 708; *Karpeles* v. *Heine*, 227 N. Y. 74; *Amberg* v. *Kinley*, 214 N. Y. 531; *Martin* v. *Herzog*, 228 N. Y. 164; *Tremblay* v. *Harmony Mills*, 171 N. Y. 598.)

*William E. Friedman* and *William F. Beeler* for respondent. The party wall section of the Building Code (Administrative Code, § C26–568.0, subd. a; L. 1937, ch. 929) is general in character and defines standards for the demolition of buildings in the city of New York in the interest of the general public. It does not expressly create in appellant a right of civil action for damages for its breach. Since the code section was not enacted for the special benefit of a particular

group or class of persons, no provision for such a cause of action may be implied. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Sheafer* v. *Breen, Inc.*, 263 App. Div. 135; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Central Trust Co.* v. *Mann's Restaurants, Inc.*, 166 Misc. 381, 254 App. Div. 823; *Eckes* v. *Statler*, 98 App. Div. 76.) Appellant is barred from raising any question other than the sufficiency of the single cause of action in its second amended complaint, which seeks to enforce a claimed statutory liability. (*Dickinson* v. *Springer*, 246 N. Y. 203; *Stemmler* v. *Alsdorf*, 224 N. Y. 426; *Waldo* v. *Schmidt*, 198 N. Y. 193; *D'Onofrio* v. *Central Sav. Bank*, 176 Misc. 709; *Bicak* v. *Runde*, 78 Misc. 358.)

RIPPEY, J. This action was commenced on January 25, 1941. The second amended complaint, in which plaintiff sues for damages arising from violation of a statute only, is before the court on this appeal. No answer has been interposed. The only question raised is whether or not the complaint upon its face states a cause of action.

Plaintiff alleges that the parties owned adjoining properties on which buildings stood with a common party wall between them; that defendant wrongfully neglected and failed to bend over the anchors at the beam ends and to brick in all open beam holes in the standing party wall, as required by statute, when she demolished the building on her property; and that " by reason of such wrongful and unlawful acts and omissions on the part of the defendant, water from rain and melting snow and ice seeped in and dripped down and into the wall and other parts of plaintiff's said building, thereby weakening the strength and utility of said wall, injuring and damaging the same, loosening bricks and masonry therein, resulting in cracks, exposing portions of the inside plaster surfaces of plaintiff's building to the elements damaging the same, and in injuring and damaging the chimneys and various parts of the plaintiff's building."

The statute referred to in the complaint was not pleaded *in haec verba*. That was unnecessary: the court will take judicial notice of it (*Pine Grove Poultry Farm, Inc.*, v. *Newtown B.-P.*

*Mfg. Co.,* 248 N. Y. 293, 297). The statute upon which plaintiff relies is section C26–568.0, subdivision a, of the New York City Administrative Code (L. 1937, ch. 929), which reads as follows: " When a structure containing a party wall is being demolished, the owner of the demolished structure shall, at his own expense, bend over the anchors at the beam ends in the standing wall and shall brick in all open beam holes."

Sub-article 4 of article 10 of title C of chapter 26 of the Administrative Code contains various sections for the " protection of adjoining property." The above-quoted section is found in that sub-article. It also provides a remedy for the enforcement of the provisions of the above-quoted section whereby the superintendent of buildings, in order to effectuate the purposes of that and other sections, shall, if requested by a person aggrieved or otherwise, notify in writing any owner or tenant of any requirements under the foregoing and other provisions of the Building Code, and if the person so notified fails to proceed within three days in accordance with such notice and to comply therewith within a reasonable time thereafter within the discretion of the superintendent, he may cause the work to be done and the cost of doing such work shall become a lien against the property recoverable in any court having jurisdiction (§C26-569.0), and to reimburse the city for expenses in connection therewith, including the expenses of court proceedings, the Corporation Counsel shall institute such necessary actions or proceedings as may be appropriate (§C26-204.0, subd. b). Such a remedy through the agencies of the City of New York, if applicable, is not exclusive. It does not limit " protection of adjoining property " to protection by city agencies, nor does it exclude an adjoining property owner from an action for damages which he might properly have upon the statute. " Civil responsibility and public punishment by common usage have long since been established as appropriate and complementary associates " (*Abounader* v. *Strohmeyer & Arpe Co.,* 243 N. Y. 458, 465). The action in *Racine* v. *Morris* (201 N. Y. 240) proceeded upon that rule as a necessary foundation. The mere fact that the statute itself does not in specific terms give the adjoining property owner a remedy is no bar to his invoking such a

remedy in the event that he may otherwise by implication have one under the statute (*Abounader* v. *Strohmeyer & Arpe Co.*, *supra*, p. 466; *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 305, 306).

The statute upon the basis of which liability is here sought to be imposed, when properly construed, possibly may be general in its character and define the care which must be exercised with reference to a party wall which is left standing after or during demolition of a building of which it is a part; it may be, and by the very terms of the stated purpose of the sub-article of which it is a part, must be at the same time special in character in the sense that it imposes a duty upon a person demolishing such a building for the benefit and protection of the adjoining owner's property. In the first case, an action will lie in behalf of one whose property is injured to recover damages for negligence; in the other case, the action is upon the statute. The statute may have both ends in view (*Amberg* v. *Kinley*, 214 N. Y. 531; *DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Pine Grove Poultry Farm, Inc.*, v. *Newtown B.-P. Mfg. Co.*, *supra; Schmidt* v. *Merchants Despatch Transp. Co., supra*). In the first case, failure to use the defined degree of care is evidence of negligence; in the other case, one " who is to be particularly protected has a cause of action because the statute is violated to his injury " (*DiCaprio* v. *N. C. R. R. Co., supra,* p. 97). Here, the whole nature and origin of the liability alleged is failure of defendant to follow the mandate of the statute. The statute was for the special benefit of the adjoining property owner and the right to recover damages is necessarily implied (*Amberg* v. *Kinley, supra;* see *Schmidt* v. *Merchants Despatch Transp. Co., supra*).

On this appeal and on the record before us, we find it unnecessary to consider whether by construction or by any process of reasoning the complaint may be sustained on the generality of the protective character of the statute. The complaint is sufficient, at least, on its face, to set up a cause of action on the statute.

The judgments should be reversed, with costs to appellant in all courts, and the motion denied.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.