Chief Judge Desmond (dissenting).
This judgment should be affirmed.
The completely controlling case is Runkel v. City of New York (282 App. Div. 173; [Runkel v. Homelsky], 286 App. Div. 1101, affd. 3. N Y 2d 857). Our defendant New York City Housing Authority as owner of the dangerous ruin was in precisely the same position as to liability as was owner Homelsky in Runkel’s case. This court and the Appellate Division in affirming Runkel’s judgment against Homelsky held that the owner’s liability for the injuries resulting from the statute violation was primary and absolute (see Runkel, 282 App. Div., p. 177). If any further elucidation of the Bunkel holding is needed, it is supplied by the Appellate Division citation of and our reliance in Bunkel on such decisions as Chotapeg, Inc., v. Bullowa (291 N. Y. 70); Pine Grove Poultry Farm v. Newtown By-Products Mfg. Co. (248 N. Y. 293); Boronkay v. Robinson & Carpenter (247 N. Y. 365, 368), and Karpeles v. Heine (227 N. Y. 74, 79). Bach of the cited cases holds that such statutes create liability, absolute and per se, to all persons intended to be protected. The Bunkel case, therefore, held that this same Administrative Code section is intended to safeguard people like the infant Runlcel and our infant Beauchamp and that when injured as the result of violations their right to recover is absolute.
Judges Fuld, Van Voorhis and Foster concur with Judge Scileppi ; Chief Judge Desmond dissents in an opinion in which Judges Dye and Burke concur.
Judgment reversed, etc.