*902 OPINION OF THE COURT
Wayne P. Saitta, J.
Plaintiffs move, pursuant to CPLR 3212, for an order granting them summary judgment and defendants cross-move for an order granting them summary judgment. Upon reviewing plaintiffs’ notice of motion for summary judgment, the affirmation in support of Anthony Reitano, Esq., the affidavit of Bridget Clagnaz all dated July 18, 2006 and all exhibits annexed thereto; the notice of cross motion, the affirmation of Mark J. Volpi, Esq., dated September 19, 2006 and exhibits annexed thereto, the memorandum of law in support of the cross motion, dated September 19, 2006; the reply affidavit of Anthony Reitano, Esq., dated November 28, 2006, and exhibits annexed thereto; the report of Joseph Farahnik, EE. dated December 3, 2006; all the proceedings had herein, after oral argument of counsel and due deliberation thereon, the motion and cross motion are both denied for the reasons set forth below.
The underlying summons and complaint seeks damages for trespass and nuisance that plaintiffs allege was caused by defendants’ construction on the lot adjacent to plaintiffs’ property. Flaintiffs and defendants own adjoining lots on McDonald Avenue in Kings County, on which were located attached wood frame houses. Flaintiffs owned 2472 McDonald Avenue and defendants purchased 2474 McDonald Avenue. The buildings shared an interior party wall which was constructed of wood framing covered by plaster.
After purchasing 2474 McDonald, defendants demolished their building and erected a brick structure adjoining plaintiffs’ building. Defendants removed the plaster from their side of the party wall. Although the new brick wall was constructed up against what remained of the old party wall, no part of the new structure is supported by the old party wall nor is the new wall attached to the framing of the old party wall. These facts are not contested.
Flaintiffs’ Motion for Summary Judgment
Plaintiffs assert that because the new wall is independent of the old party wall, the old wall is no longer a party wall but is an exterior wall, and that the wall does not meet the fire rating required for exterior walls.
Defendants counter that because the new wall is concrete and abuts the old wall it provides the necessary fire rating. The defendants also argue, in the alternative, that even if the old *903 wall no longer complies with the code, defendants are not liable because their plans were approved by the Department of Buildings.
A party wall is defined under the New York City Building Code as “[a] fire division on an interior lot line common to two adjoining houses.” (Administrative Code of City of NY §27-232.) It is not contested that the interior wall separating the two houses was a party wall.
The new wall constructed by defendants is not a party wall for two reasons. First, because it is not located on the lot line, but adjacent to it. Second, the new wall is structurally independent of plaintiffs’ building. It neither provides structural support for it, nor is it supported structurally by it. It is not a part of plaintiffs’ building and, unlike a party wall, plaintiffs have no easement or interest in it. Defendants can alter or demolish the new wall without plaintiffs’ consent.
Though it is clear that the new wall is not a party wall, the question remains whether the fire rating of the new masonry wall constructed on defendants’ property can be used to satisfy the required fire rating for the former party wall.
As a party wall, the old wall was in compliance with a one-hour fire rating. However, because of the construction it has become an exterior wall and its one-hour fire rating does not meet the requirements of the Building Code.
Defendants argue that the construction of the new wall with a two-hour fire rating provides increased fire resistance to the former party wall.
Neither plaintiffs nor defendants cite any applicable legal authority as to whether a wall of an independent building can be used to satisfy the code requirement of an adjacent building. However, it seems elementary that every building in the City of New York must meet the requirements of the Building Code on its own.
There are a few exceptions to this general principal, but they are specifically provided for in the relevant codes. Party walls are one exception to this principal that are specifically provided for in the Building Code. Another exception are transfer development rights, where the owner of one lot can use the zoning rights of a neighboring lot on their own lot. However, the right to use zoning rights of another lot, and the restrictions on such use, are set forth in the Zoning Resolution.
Notwithstanding that plaintiffs’ building must meet all Building Code requirements on its own, the question still remains *904 who is responsible for bringing the wall up to code. Is it the defendants whose acts created the need to increase the fire rating or the plaintiffs as the owners of the remaining wall?
At common law an owner of a building that shared a party wall had an easement for support only over the portion of the wall on the adjoining property. (357 E. 76th St. Corp. v Knickerbocker Ice Co., 263 NY 63 [1933].) An owner who demolished a building attached to another by a party wall was only responsible for any damage to the attached structure caused by reducing the support of the party wall or any damage caused by demolishing the building in an improper or negligent manner. (Negus v Becker, 143 NY 303 [1894]; Alberti v Emigrant Indus. Sav. Bank, 179 Misc 1021 [Sup Ct, Bronx County 1942]; Bicak v Runde, 78 Misc 358 [App Term, 1st Dept 1912].)
At common law one demolishing a building was not required to weatherproof the remaining party wall. (D’Onofrio v Central Sav. Bank in City of N.Y., 176 Misc 709 [1941].) However, the City of New York has imposed this requirement by regulation.
The Building Code of the City of New York provides that where construction exposes an adjoining party wall the contractor shall maintain the structural integrity of the wall and protect it from the elements and restore the weatherproof integrity of the adjoining building. (Administrative Code § 27-1026 [c], [d].) The Code also requires that an owner who demolishes a building must remove any stub ends of beams from a remaining party wall and brick up all open beam holes at its own expense. (Administrative Code § 27-1037 [a] [1].) However, nothing in the Building Code imposes a requirement on an owner who demolishes a building to bring the fire rating of a remaining party wall up to code.
The Department of Buildings of the City of New York issued Directive No. 11 of 1972 which detailed the manner in which exposed party walls must be weatherproofed pursuant to Administrative Code §§ C26-1902.1 and C26-1905.2 (the former section numbers of the present sections 27-1026 and 27-1037) of the Building Code. The directive requires that lath and plaster on the exposed side of the remaining wall be removed and 3/8 inch exterior grade plywood sheathing be attached to the framing of the exposed portion of the party wall. (NY City Dept of Buildings Directive No. 11 of 1972.) The Department of Buildings issued a subsequent directive, Directive No. 1 of 1979, which reaffirmed the requirements to weatherproof an exposed party wall, but did not change the requirement to install 3/8 *905 inch exterior grade plywood; and it further stated that Directive No. 11 of 1972 remained in effect.
Neither the Building Code nor any of the Building Department directives contain a requirement that the owner removing the structure bring the remaining portion of the party wall into compliance with the fire rating requirements of the code.
In fact, the 3/8 inch plywood sheathing required by Directive No. 11 of 1972 does not meet the code requirement of a two-hour fire rating for exterior walls.
To the extent the code requires demolishing owners only to weatherproof an exposed party wall, and the Building Department Directives require demolishing owners to install 3/8 inch plywood sheathing, the court must conclude that a demolishing owner has no obligation to bring the fire rating of the remaining party wall up to code. By reason of the foregoing, plaintiffs’ motion for summary judgment must be denied.
Defendants’ Cross Motion
Although plaintiffs’ motion for summary judgment was based on the alleged violation of the fire rating requirements, the underlying complaint seeks damages both for the weakening of the common wall and the penetration of foreign materials into their house.
Defendants submitted, in support of their cross motion, an affidavit of Joseph Farahnik, P.E. in which he states that the structural system of the party wall has remained intact and that the only change in the party wall was the removal of the plaster on the defendants’ side of the wall. Plaintiffs submitted a letter from Harold Weinberg, PE. stating that the removal of the defendants’ building eliminated structural support that resisted horizontal thrust, which raised a question as to the structural integrity of the party wall. However, that letter was written before the construction of defendants’ new building, which would be expected to restore the resistance to horizontal thrust provided by the old building. Plaintiffs also submitted a later July 16, 2006 letter from Weinberg based on an inspection after the new building was completed. That letter does not allege any lack of resistance to horizontal thrust, nor does it claim any structural defect in the remaining party wall. Thus, plaintiffs have failed to demonstrate that there exists an issue of fact as to that part of their claim based on structural damage to the party wall.
However, defendants have failed to demonstrate an entitlement to summary judgment as to that part of the complaint *906 which seeks damages due to penetration of foreign materials into plaintiffs’ house.
Where a regulation imposes a duty on a person demolishing a building that shares a party wall to weatherproof or protect the party wall, the regulation is for the special benefit of the adjoining owner and the right of the adjoining owner to recover damages for noncompliance is necessarily implied. (Chotapeg, Inc. v Bullowa, 291 NY 70 [1943].) Plaintiffs would be entitled to recover for any damage resulting from defendants’ failure to weatherproof the party wall or to attach the required plywood sheathing to the framing of the party wall.
It is conceded that the plaster on defendants’ side of the party wall was removed, but no evidence has been presented that the remaining party wall was weatherproofed or that 3/8 inch exterior grade plywood was attached to the framing of the party wall as required by code. In fact the December 3, 2006 report of Joseph Farahnik, EE. states that the new concrete wall (which is not attached to the framing of the party wall) forms the new surfacing of the remaining party wall.
It is defendants’ burden, as cross-movant, to demonstrate that there is no question of fact whether the Building Code requirements have been met. General assertions that the construction met or exceeded the Building Code are not a sufficient basis to grant summary judgment. By reason of the above, there remain issues of fact which preclude granting defendants’ cross motion for summary judgment.
Wherefore, both plaintiffs’ motion for summary judgment and defendants’ cross motion for summary judgment, are denied.