OPINION OF THE COURT
Wayne P. Saitta, J.
Defendant Gerald J. Caliendo moves this court for summary judgment pursuant to CPLR 3211 (a) (1) and (7) and 3212 granting Caliendo summary judgment and dismissing all claims asserted against Caliendo in the instant action. Defendant Emergí cross-moves for summary judgment to dismiss all claims and cross claims against Akiva Emergí, personally, 107th Building Corp., and Superior Home Builders Corp. and for such other and further relief as the court may deem just and proper.
Defendant Caliendo’s motion for summary judgment is denied and defendant Akiva Emergi’s cross motion to dismiss claims against Akiva Emergí is denied for the reasons set forth below.
Facts
This is an action in which plaintiff seeks monetary damages for damage sustained to its building located at 27 Jefferson Avenue, Brooklyn during the construction of a new building on the adjoining lot at 25 Jefferson Avenue, Brooklyn (hereinafter the premises).
Defendant Caliendo, the architect on the project, entered into an agreement to provide certain architectural services to 107th Building Corp. in connection with the design and construction of the premises, including filing plans with and obtaining a permit from the New York City Department of Buildings (hereinafter DOB), to conduct excavation operations at the premises. On or about November 14, 2004, the excavation operations were commenced. Although the plans called for the footings of the new building to be aligned with and at the same depth as those of plaintiffs building, the excavation for the foundation of the new building was dug to greater than 10 feet, which was below the level of the plaintiffs footings. Plaintiff alleges that, as the result of the lack of underpinning, his property was damaged as it was caused to “settle into the soil.”
Akiva Emergí states that neither he, 107th Building Corp., nor Superior Home Builders Corp. are the owners of the premises.
*338 Arguments
Defendant Caliendo states that he should be granted summary judgment as he owed no duty to the plaintiff with respect to the project at issue and that his services on the project were not the proximate cause of the plaintiff’s claimed damages as he only drew and filed the plans but was not obligated, contractually or otherwise, to perform or supervise any construction.
Defendant Emergí asserts he was improperly named as an owner and that his name does not appear on the deed.
Plaintiff argues Caliendo created an unreasonable risk of harm to plaintiffs property, and assumed a duty of care based on certificates and representations he made to DOB. Plaintiff points out that defendant Emergí signed various documents filed with the Buildings Department as owner of the property.
Analysis
A motion for summary judgment will be granted “if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212 [b].) The “motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact.” (Id.)
When considering a summary judgment motion for failure to make out a case, this court is required to accept the plaintiffs evidence as true and give it the benefit of “every reasonable inference which can reasonably be drawn from that evidence.” (Secof v Greens Condominium, 158 AD2d 591, 593 [1990], citing Goldstein v Hauptman, 131 AD2d 724 [1987].)
The agreement between defendant Caliendo and 107th Building Corp. did not provide that Caliendo would exercise any supervision or inspection of the construction or control of the project. Caliendo’s construction drawings indicated that the concrete foundation footings were to align with the existing footings at 27 Jefferson Avenue, thus eliminating the need for underpinning of the adjacent structure. In the event that the existing adjacent property footings were not at the same depth as the premises’ footings, the contractor was to inform him so he could make the necessary modifications.
However, Caliendo admits that he self certified the project as architect, which means that, apart from his contract with the *339 owner, he certified to DOB that the plans he submitted complied with “applicable laws, including the rule of the Department of Buildings” and the requirements related to underpinning adjacent buildings. He thus certified to DOB that no underpinning was required for this project.
Section 27-724 of the Administrative Code of the City of New York deals with inspection of foundations, specifically construction required for or affecting the support of adjacent properties or buildings. The section reads,
“Except in cases where a proposed excavation will extend less than ten feet below the legally established grade, all underpinning operations and the construction and excavation of temporary or permanent cofferdams, caissons, braced excavated surfaces, or other constructions or excavations required for or affecting the support of adjacent properties or buildings shall be subject to controlled inspection. The details of underpinning, cofferdams, caissons, bracing, or other constructions required for the support of adjacent properties or buildings shall be shown on the plans or prepared in the form of shop or detail drawings and shall be approved by the architect or engineer who prepared the plans.” (Id. [emphasis added].)
Additionally, Administrative Code § 27-1031 (b) (1) requires that “[w]hen an excavation is carried to a depth more than ten feet below the legally established curb level the person who causes such excavation to be made shall, at all times and at his or her own expense, preserve and protect from injury any adjoining structures.”
The excavation as actually performed did not conform to the plans. The excavation went deeper than 10 feet and went below the foundation of plaintiffs building. Therefore, contrary to the plans filed, underpinning was required.
Defendant Caliendo asserts that despite the fact that underpinning was required he is not responsible because he was never notified of any deviation from what was designed and indicated on his construction drawings.
Defendant Caliendo would not be responsible if he were not notified of the deviation from his plans, unless he had knowledge of the deviation.
Defendant Caliendo signed off on a technical report, statement of responsibility, on October 11, 2004, indicating a sub- *340 grade inspection and test pursuant to Administrative Code § 27-723 would be done. The document bears his signature and seal identifying him as the individual responsible for insuring that the inspection would be done.
Also, defendant Caliendo initialed a subsequent technical report, statement of responsibility, on September 25, 2004, certifying the completion of the subgrade inspection pursuant to Administrative Code § 27-723. This document also bears his signature and seal.
Section 27-723 of the Administrative Code deals with inspection of foundations, specifically subgrade for footings, foundation piers, and foundation walls. The section reads, in relevant part,
“The soil material directly underlying footings, foundation piers, and foundation walls shall be inspected by an architect or engineer after excavation and immediately prior to construction of the footings. If such inspection indicates that the soil conditions do not conform to those assumed for purposes of design and described on the plans, or are unsatisfactory due to disturbance, then additional excavation, reduction in allowable bearing pressure, or other remedial measures shall be adopted, as required.” (Id. [emphasis added].)
By initialing and signing these reports, Caliendo assumed responsibility for ensuring and certifying to DOB that the excavation was completed in accordance with the submitted plans and all applicable regulations. The DOB relies on such certifications in allowing construction to be done based on an architect’s certification.
Since the inspection was to occur after excavation but before construction of the footing, Caliendo would have seen that the excavation deviated from his plans and that underpinning was, in fact, required. Either he falsely certified that he did the inspection when he did not do so, or he did the inspection and falsely certified that the excavation conformed to his plans and no underpinning was required. This false certification resulted in construction continuing without the necessary underpinning.
In his papers, defendant argues he owed no duty to the plaintiff; he was not in contractual privity with the plaintiff by self certifying the plans and signing off on the statement of technical responsibility. However, by certifying no underpinning *341 was necessary, he undertook a duty not only to the DOB but to adjacent owners for any injury they suffered as a result of his improper certifications, and failure to provide necessary underpinning. Where a regulation imposes a duty for the benefit of an adjacent property owner, that owner may maintain an action against a party that does not comply with the regulation. (See Chotapeg, Inc., v Bullowa, 291 NY 70 [1943]; Clagnaz v Danino, 14 Misc 3d 901 [Sup Ct 2007].)
Defendant’s position that the initials on the two statements of technical responsibility do not appear to match is negated by the fact that his stamp and signature appear at the end of each of the documents in question. Defendant has not submitted an affidavit attesting either that the initials are not his or that his stamp was affixed without his authority.
Upon completion of the subgrade inspection, which took place after the completion of the excavation and before placement of the footings, defendant himself had to have been aware that the excavation went below the level of plaintiffs building footings. Once aware of the discrepancy he was obligated to notify DOB and to ensure remedial measures, namely underpinning, were taken.
The fact that defendant falsely certified that the excavation was done in accordance with the plans he filed provides a basis to impose liability upon him for any damages caused by his false certification. Therefore defendant Caliendo’s motion for summary judgment must be denied.
Defendant Emergí asserts that he was not the owner of record on the deed dated April 9, 2004 and that there is no basis for him, 107th Building Corp., and Superior Home Builders Corp. to be named as defendants in this action.
However, Akiva Emergi’s signature is found as owner and president on at least six documents, submitted to DOB: (1) a plan/work approval application dated April 27, 2004; (2) a sewer self certification dated May 4, 2004; (3) a technical report, statement of responsibility, dated October 11, 2004; (4) the professional and owner certification, undated; (5) a plan/work report for PC filing, dated October 11, 2004; and (6) a five-day notice of excavation signed by Akiva Emergí bearing the letterhead of Superior Home Builders Corp. as the owner of record of 25 Jefferson Avenue. Defendant Emergí has not claimed that these signatures are forgeries.
*342 By signing as owner of the property, Emergí has created an issue of fact as to whether he is an owner, even though he is not named on the last recorded deed.
Wherefore defendant Caliendo’s motion and defendant Emergí’s cross motion to dismiss are denied.